[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br>*Plaintiff,*<br>v.<br>META PLATFORMS, INC.,<br>*Defendant.* | Case No. 3:25-cv-09579-VC (TSH)<br>**META'S DISCOVERY STATUS REPORT**<br>Judge: Hon. Thomas S. Hixson<br>Conference Date: August 5, 2026 |
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-02333-VC<br>**META'S DISCOVERY STATUS REPORT**<br>Trial Date: None<br>Date Action Filed: March 17, 2026 |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-04053-VC<br>**META'S DISCOVERY STATUS REPORT**<br>Trial Date: None<br>Date Action Filed: May 4, 2026 |
| CAMBRONNE, INC. ET AL.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-03725-VC<br>**META'S DISCOVERY STATUS REPORT**<br>Trial Date: None<br>Date Action Filed: December 22, 2025 |

Pursuant to the referral of discovery matters to Magistrate Judge Hixson and the Court's instruction at the August 5, 2026, Discovery Status Conference (the "August 5 Conference"), Defendant Meta Platforms, Inc. ("Meta") hereby submits the following Discovery Status Report in advance of the Discovery Status Conference scheduled for August 19, 2026.

## INTRODUCTION

At the Case Management Conference on August 14, 2026, the Court directed all parties (Plaintiffs and Meta alike) to devote whatever resources necessary to complete discovery by September 4, 2026. But Plaintiffs do not appear to have gotten the message. Given the state of their discovery to date, Plaintiffs seem under the misperception that only Meta must move (and has moved) heaven and earth to complete productions in the remaining three weeks of fact discovery. Plaintiffs' primary response to Meta seeking to hold them to their discovery obligations is to deflect by pointing the finger back to Meta. But a comparison between the vast amounts of discovery Plaintiffs have from Meta and the paucity of relevant discovery from Plaintiffs, and in particular the Three Cs, is no comparison at all. Meta respectfully asks this Court to disabuse Plaintiffs of the notion that they need not fulfill their basic of discovery obligations, such as, for example: urgently engaging in a systematic collection of a company-wide messaging platform used almost daily by its deponents (in the case of Entrepreneur) or complying with a Court order to produce custodial documents four days prior to any deposition rather than the night before, day of, or not at all (in the case of the Three Cs).

As to Plaintiff Entrepreneur Media, LLC ("Entrepreneur"), Meta respectfully asks the Court to enter three specific orders:

1. Order Entrepreneur to, no later than **Thursday, August 27, 2026,** substantially complete the production of documents and communications for all of the custodians, beginning with Michael Frazier and Sean Strain, from the following sources of data: Slack (which both deponents testified to using daily); Google Drive (which both defendants testified to using to store work-related documents); Google Chat (which Mr. Strain testified he regularly used prior to the company's transfer to Slack messaging); and from any other

platform each of the witnesses use that is likely to contain relevant and responsive information;

2. Order Entrepreneur to substantially complete production of all responsive documents from the Google Drive folders its custodians have identified as containing responsive documents and complete the production of Mssrs. Frazier's and Strain's email mailboxes by **Wednesday, August 19, 2026**; and

3. Order Entrepreneur to amend the interrogatory, RFAs, and request for production responses that it has agreed to amend by **Friday**, **August 21, 2026.**

As to Plaintiffs Cambronne, Inc., et al. (the "Cambronne Plaintiffs"), Chicken Soup for the Soul, LLC ("Chicken Soup"), and Cognella, Inc. ("Cognella," and together with the Cambronne Plaintiffs and Chicken Soup, the "Three Cs" or "Plaintiffs"), Meta respectfully asks the Court to:

1. Order the Three Cs to substantially complete their non-custodial productions no later than **Monday, August 24, 2026**;

2. Order the Three Cs—to the extent that they know they will be unable to comply with the Court's requirement of producing custodial documents four days prior to a deposition (the "Four-Day Order")—to at least make custodial productions on a rolling basis so that Meta has at least some documents in hand prior to depositions (to be clear, Meta does not condone the Three Cs' utter failure to meet the Four-Day Order and reserves all related rights, but asks for this relief so at a minimum Meta receives at least *some* documents prior to depositions); and

3. Demand each of the Three C Plaintiffs explain in concrete terms how they intend to comply with the Four-Day Order for the more-than-a-dozen depositions of their custodians slated to occur in the next two weeks.

## I. CUSTODIAL PRODUCTIONS

### A. Plaintiffs' Incomplete and Untimely Productions

#### 1. <u>Entrepreneur's Productions</u>

Entrepreneur's custodial collections suffer from systemic collection failures, including Entrepreneur's admitted failure to systematically collect, search, and produce responsive Slack

messages from all (or any) of its custodians, which render each of its custodial productions incomplete. In the last Joint Case Management Statement (submitted on August 12, 2026), Entrepreneur represented to the Court that it "already committed to produce Slack messages and Google Drive documents and is on a schedule to both collect the items and provide Meta updates concerning the same." *Entrepreneur*, Dkt. 120 at 25:12-14.[1] However, just a few hours after the August 14, 2026, Case Management Conference concluded, counsel for Entrepreneur disclosed for the first time during a conferral with Meta's counsel that Entrepreneur *cannot* collect direct (or private) Slack messages between individual employees at the company without upgrading its corporate account or waiting for Slack to take action on a legal request Entrepreneur submitted to the company. In other words, Entrepreneur currently has no available method to collect messages from Slack channels (aside from messages in one "public" company-wide channel) despite the fact that several of Entrepreneur's custodians have testified that they use the direct Slack messages to communicate concerning business matters on a daily basis. It is unclear why Entrepreneur waited until weeks before the close of discovery to begin to even attempt to understand the mechanics involved in collecting a company-wide messaging platform. As of this filing, Entrepreneur has not provided an estimate for when these Slack collection method issues will be resolved (if at all), let alone when it will be able to complete collection, search, and production of Slack messages from its custodians and whether it will be able to do so in a timely fashion such that Meta may question witnesses about those messages.

Similarly, Entrepreneur has yet to address any efforts it has made to collect other sources of messaging such as Google Chat and text messages, which various employees testified to using for work. Entrepreneur was not able to provide any update concerning the custodians' Google Chat and text messages during the parties' August 14 conferral.

---

[1] During a conferral on August 7, 2026, counsel for Entrepreneur suggested that it was unaware prior to the initial depositions of its witnesses that they used Slack regularly to communicate about work-related matters. Counsel confirmed that they had not previously engaged in a systematic collection of any Slack messages, and only had just recently begun to endeavor to do so.

There are similar admitted deficiencies with respect to Entrepreneur's collection from Google Drive, which multiple deponents testified to using for purposes of storing work-related documents. Entrepreneur has conceded that it had not previously collected Google Drives, and relied instead only on individual employee memories for specific documents or producing only those documents attached to emails. That means the only documents Meta has received are specific ones that Entrepreneur's custodians happen to recall having, or happen to have attached to responsive emails, or happen to have testified about during their depositions. During the parties' August 14 conferral, Entrepreneur represented that it was unable to provide a schematic of the potentially relevant Google Drive folders used by the custodians. Its solution was to ask individual custodians for the names of Drive folders they use most often and to collect those folders without running any search terms over those folders or over other portions of the custodians' individual Google Drives. Entrepreneur has estimated that it will be able to produce documents from the Google Drives identified by its custodians by August 19, 2026.

The Court should order Entrepreneur to produce, by Thursday, August 27, 2026, responsive materials from its custodians' Slack messaging, Google Drives, and Google Chat. At a *minimum*, the Court should do so as to Mssrs. Frazier and Strain, who Meta has scheduled for 30(b)(1) and 30(b)(6) depositions on the last two days of discovery. It also should order Entrepreneur to produce all responsive documents from the Google Drive folders its custodians have identified as containing responsive documents and any other relevant Google Drive folders by August 19, 2026 (the date Entrepreneur proposed).

Meta has no confidence that Entrepreneur will be able to meet the above production deadlines before the close of discovery, let alone with sufficient time to continue all of the depositions of Entrepreneur witnesses taken to date (each of which Meta left open given the incomplete document productions).

In addition to the above defects, Entrepreneur has not yet produced a corrected production of Mr. Frazier's custodial production. Entrepreneur has acknowledged the initial production was impacted by an unspecified technical error that caused emails that pre-date May 2025 to have not been processed. Entrepreneur represented at the August 14 conferral that it was aiming to make his

production by August 19, 2026.[2] Meta requests the Court hold Entrepreneur to its own deadline and order the complete production of materials from the email mailbox of Mr. Frazier. The custodial file of CEO Ryan Shea still is devoid of barely any substantive communications after 2022 and does not include any text messages although Mr. Shea testified that he texts about business with Bill Shaw, Entrepreneur's President.[3] Entrepreneur points to "3,033" emails from Mr. Shea that post-date January 1, 2022. *Entrepreneur*, Dkt. 120 at 25:14-17. But they ignore that the substance of those emails appear to largely consist of non-substantive newsletter or spam communications, which suggests that Entrepreneur still has not made a complete production.[4] It is unclear if Entrepreneur is taking any steps to rectify the problem.

Meta is continuing to evaluate the substance of Entrepreneur's non-custodial productions to date, but has identified deficiencies in the production and in Entrepreneur's responses and objections ("R&Os"). Entrepreneur said it would supplement those responses by August 14, 2026, but it did not do so. Meta asks the Court to order them to provide supplemental responses to the deficient R&Os by August 21, 2026.

Given the missing messaging communications, documents from Google Drive, and emails, Meta has left and intends to leave all of the Entrepreneur depositions open. In the last Case Management Statement, Entrepreneur represented that it "has structured its remaining discovery accordingly and asks that the September 4 date stand." *Entrepreneur*, Dkt. 120 at 20:8-11. It is difficult to reconcile that statement with the confession less than two days later that Entrepreneur did not yet have any means of collecting communications from its company-wide Slack messaging

[2] Entrepreneur informed Meta on August 7 that it was starting his collection, review, and production from scratch.

[3] Meta received the first documents (totaling 1,245 documents) from the mailbox of Mr. Shea, one day *after* the July 23, 2026, court-ordered deadline (on July 24, 2026). Those productions did not include a single email after 2022. Entrepreneur made additional productions, including hours before his deposition was set to begin on July 30, 2026, and another one on August 10, 2026.

[4] Entrepreneur also did not complete its production of Charles Muselli's custodial file four days prior to his deposition as required by this Court's order, producing an additional 7,000 documents three days prior to the deposition.

platform, or with its silence as to other forms of communications its custodians used for work-related purposes. Meta is skeptical that Entrepreneur will be able to substantially complete *any* of its custodial productions by the close of discovery, or with sufficient time to comply with the Four-Day Order for any re-opened depositions.

**2.** The Three Cs' Productions

On August 5, 2026, the Three C Plaintiffs represented that they did not "anticipate having any difficulties meeting the four-day deadline" with regard to any of their witnesses except for the two Chicken Soup witnesses deposed on August 11 and 12 and that it was "just these two depositions" that they were "going to be a little tight on." August 5 Conference Hearing Tr. at 45:2-19. Similarly, in the Joint Case Management Statement filed by the parties on August 12, 2026, Plaintiffs represented that the "Three Cs remain on track to produce custodial documents for the other 16 deponents consistent with this Court's orders." *Chicken Soup*, Dkt. 104 at 10:4-5. Those representations have turned out to be entirely inaccurate. As detailed below, Plaintiffs have not remotely resolved their inability to timely or substantially produce discovery for use in the depositions of their witnesses. Their non-custodial documents also are incomplete with no guarantees of when the Three Cs will complete them. In the end, all of the Three Cs have provided virtually nothing in discovery.

Meta is scheduled to take fifteen (15) Three Cs depositions on back-to-back business days between August 20, 2026 and September 3, 2026 (the only day a Three Cs deposition is not yet scheduled is on Monday, August 31, 2026). Meta will also take Rule 30(b)(6) depositions of Chicken Soup and Cognella prior to the close of discovery. The avalanche of upcoming depositions means Three Cs are under Court order to produce fifteen custodial files virtually every day, as of last Thursday, August 13, 2025.

In light of Plaintiffs' track record to date, Meta is exceedingly doubtful that it will receive timely custodial documents for the fifteen Three Cs depositions scheduled over the next sixteen days. The Three Cs' lack of urgency concerning any of their discovery obligations, and their repeated productions of custodial files after, the day of, or the day before depositions, leaves Meta prejudiced and without the ability to sufficiently prepare for these depositions. Leaving the

depositions open does not seem to be a motivator for the Three Cs, especially given the current case calendar and number of days remaining.

*i. The Cambronne Plaintiffs' Productions*

As of the filing of this statement, the Cambronne Plaintiffs have made only productions for three of their custodians, including a production coming a few hours before the commencement of one deposition and another production coming the day before a second deposition. This is inconsistent with Plaintiffs' representations to the Court at the last Discovery Status Conference that it would "be a little tight on" only the Chicken Soup custodial productions. August 5 Conference Hearing Tr. at 45:2-19. In contrast to their representations to the Court, Plaintiffs were not on track for either of the Cambronne witnesses deposed to date.

- Cambronne did not produce a single custodial document for John Carreyrou until 6:30 a.m. the morning of his 30(b)(1) and 30(b)(6) deposition on Monday, August 17, 2026, when it produced over 67,000 custodial documents. The anemic non-custodial production that Meta's counsel had prior to the deposition included an undated, unexecuted, and redlined version of the publishing agreement with Knopf Doubleday Publishing Group ("Knopf") for Cambronne's asserted work. Carreyrou's counsel indicated it has been unable to locate the final agreement but had not bothered to request the final, executed version from Knopf until Meta's counsel suggested it. This single production failure is emblematic of the paltry efforts of the Cambronne Plaintiffs to engage in discovery.
- Plaintiff Matthew Sacks produced over 37,000 custodial documents the day before his deposition scheduled for Tuesday, August 18, 2026.
- Plaintiff Jane Adams's deposition is scheduled for August 20, 2026, and Meta's counsel does not even have copies of the two asserted works that Ms. Adams authored let alone her custodial documents. Her counsel has been unable to explain why they have not produced the asserted works for Ms. Adams even though they filed their complaint on her behalf in March 2026. Meta has repeatedly requested the asserted works for Ms. Adams, and has been told only that her counsel is "working on getting the works of Jane Adams properly scanned."

Producing custodial files the morning of or day before depositions practically is the same thing as not producing them at all in advance of the depositions. There is hardly enough time to even process the productions, let alone to meaningfully review them and prepare for their use in the deposition mere hours later.

The Cambronne Plaintiffs' non-custodial productions fare no better. Cambronne's few (approximately two dozen) non-custodial documents produced to date do not include all of the materials they are claiming as asserted works or sales data and financial information, among other categories of documents. As Meta has explained, "there are a huge swath of materials that we are missing for [these Plaintiffs]: any kind of financial data whatsoever, any sales data for any of the asserted works, any author agreements, licensing agreements, marketing plans, details, P&Ls, competitive analyses." August 5 Conference Hearing Tr. at 44:9-19. Counsel for Plaintiffs stated during the August 5 Conference that "after Monday [August 10, 2026], a lot of these issues should largely be resolved." *Id.* at 46:15-22. As of the date of this filing, Plaintiffs have not cured any of the deficiencies in their productions.

*ii. Chicken Soup's Productions*

To date, Chicken Soup has provided custodial documents only for two of its custodians. Meta deposed the first Chicken Soup witness, Amy Newmark, on August 11, 2026. Meta did not receive a single custodial document until 24 hours prior to the deposition. Meta was not even able to have its ediscovery vendor upload the documents for review prior to taking Ms. Newmark's deposition. During Ms. Newmark's deposition on August 11, 2026, counsel for Chicken Soup informed Meta that it would not be in a position to produce any documents ahead of Mr. Rouhana's deposition, and proposed moving the deposition date without informing the Court. Meta explained that, pursuant to Court order, the parties were required to proceed with the deposition and that Meta would hold it open given the deficient document production. *See* July 20, 2026, Conference Tr. at 17:18-18:8; *see also* August 5 Conference Hearing Tr. at 45:20-46:7. Chicken Soup made a production of six documents from Mr. Rouhana's custodial file at 11:23 pm ET on August 11, 2026, ten hours before the start of his deposition. Chicken Soup produced the remaining documents from Mr. Rouhana's custodial file five days *after* his deposition.

Given the belated (and incomplete) productions, Meta held both Ms. Newmark's and Mr. Rouhana's depositions open. Meta cannot even request dates for the resumption of those depositions until it knows when it will receive the productions it is due. Meta has significant concerns about whether it will be provided complete custodial productions sufficiently in advance of the additional depositions of Chicken Soup witnesses, currently scheduled for August 28 and September 3, 2026, respectively. Meta's concern is particularly acute given the realities of the case schedule that will make it challenging for Meta to schedule continued depositions prior to the September 4 close of fact discovery.

*iii. Cognella's Productions*

Cognella has produced a total of only 5,588 documents, the vast majority of which are its asserted works. None of the Cognella productions are custodial and even the asserted works do not appear to be complete. Meta is slated to take ten Cognella depositions beginning Monday, August 24, 2026, which means Cognella will need to make ongoing productions in rapid succession beginning this Thursday, August 20. Again, Meta has significant concerns about whether it will be provided *any* custodial productions sufficiently in advance of the Cognella depositions for Meta to have a fair and meaningful ability to utilize the documents with those witnesses.

**B. Meta's Productions**

On August 17, 2026, Meta engaged in a productive meet and confer with Entrepreneur regarding Meta's responses to certain of Entrepreneur's requests for production (RFPs). Entrepreneur noted that many of its prior concerns about Meta's productions were being addressed by the ongoing document productions. The parties specifically discussed three RFPs (Nos. 42, 44 and 52), and discussed potential supplementation of Meta's responses and/or supplemental productions. The parties will continue to work cooperatively on these issues and if there are any remaining issues, the parties will raise them with the Court.

Entrepreneur makes a new request for a field-level schema for taxonomy data, which was made shortly the deadline to file this discovery status report. Meta is willing to meet and confer with Entrepreneur on this request but has not been able to investigate the availability or feasibility of the information requested before its deadline to file this report.

With respect to the Three Cs, there are no pending issues with RFPs. Meta has produced documents responsive to the single RFP served by the Three Cs prior to July 28, 2026. The Three Cs served six additional RFPs on July 28. Meta will provide timely responses to those requests on August 27, 2026. Meta also notes that several of the July 28, 2026, RFPs encompass documents already produced by Meta (including, for example, RFP Nos. 4 and 7).

## II. WRITTEN DISCOVERY

### A. Requests for Admission (RFAs)

#### 1. Entrepreneur's Responses to Meta's RFAs

The parties are at an impasse relating to Entrepreneur's deficient responses to RFA Nos. 2, 23, 33-34, 83, 89-91, 98, 166, 168-170, 176-177, and 182, which provide explanatory narrative that improperly caveats the admissions or denials. Meta has prepared its portion of a joint motion letter brief and provided it to Plaintiffs on August 16, 2026. Entrepreneur has indicated that it will provide its responsive portion of the letter by Thursday, August 20, 2026, at noon PT. Meta intends to file the letter as soon as practicable. Meta awaits Entrepreneur's amended responses concerning other RFAs, which Entrepreneur previously represented would be served by August 14, 2026. On August 17, 2025, Entrepreneur represented that it will serve its amended discovery responses by Monday, August 24, 2026. Meta requests that Entrepreneur be ordered to amend those responses by August 21, 2026, since Entrepreneur has had ample time to amend these responses, and any delay prejudices Meta. Once received, Meta will evaluate whether these forthcoming amendments cure the deficiencies, attempt to narrow any further disputes through conferral, and timely raise any remaining deficiencies with the Court.

#### 2. Three Cs' Responses to Meta's RFAs

Meta served its first set of RFAs on the Three Cs on July 31, 2026. Plaintiffs' responses are due on August 31, 2026.

**B. Interrogatories**

**1.** Entrepreneur's Responses to Meta's Interrogatories

Meta repeatedly has informed Entrepreneur about the deficiencies in many of its interrogatory responses, including in response to Interrogatory Nos. 1-3, 5-6, 8-10, 12, and 16. Entrepreneur has agreed to amend each of these responses. Meta awaits Entrepreneur's amended responses, which Entrepreneur previously represented would be served by August 14, 2026. On August 17, 2025, Entrepreneur represented that it will serve its amended discovery responses by Monday, August 24, 2026. Meta requests that Entrepreneur be ordered to amend those responses by August 21, 2026, since Entrepreneur has had ample time to amend these responses, and any delay prejudices Meta. Once received, Meta will evaluate whether these forthcoming amendments cure the deficiencies, attempt to narrow any further disputes through conferral, and timely raise any remaining deficiencies with the Court.

**2.** The Three Cs' Responses to Meta's Interrogatories

The Three Cs have taken the same non-committal, non-substantive approach to its written discovery. For example, Meta has repeatedly identified deficiencies in all of Plaintiffs' responses to Meta's first set of interrogatories. With minor exceptions, Plaintiffs did not provide substantive responses to any of Meta's interrogatories,[5] and improperly referred Meta to Federal Rule of Civil Procedure 33(d) for at least nine out of fourteen interrogatories. Meta identified these deficiencies for Plaintiffs on multiple occasions, including a conferral on August 14, 2026, and has sent Plaintiffs its portions of letter motions to compel about the same. On August 17, 2026, Plaintiffs represented that they would be providing supplemental responses by noon PT on August 18, 2026 (although it is unclear whether it will do so as to all of the deficient interrogatory responses). To the extent that the Three Cs' amendments do not address Meta's concerns, Meta expects the Three Cs to promptly provide their responses to the letter motions such that Meta can file them with the Court this

[5] Plaintiffs Cognella, Chicken Soup, and Cambronne, Inc. provided substantive responses to Interrogatory No. 4. The individual Cambronne Plaintiffs' responses to Interrogatory No. 4 were deficient. Plaintiff Jane Adams provided a substantive response to Interrogatory No. 11.

week. Meta does not have the luxury of additional time to wait for the Three Cs to respond on its own timelines.

**3.** Meta's Responses to Interrogatories

On August 17, 2026, Meta engaged in a productive meet and confer with Entrepreneur regarding certain of Meta's interrogatory responses. The parties discussed additional information that Entrepreneur sought in response to Interrogatory No. 12, which Meta is investigating. The parties also discussed Meta's supplemental responses to Interrogatory Nos. 19-20, which address the identification of Entrepreneur's works and web content in Meta's LLM training data. Interrogatory No. 19 was also addressed at the August 14, 2026, Case Management Conference with Judge Chhabria, who set a deadline of November 6, 2026 for the parties to address the identification of asserted works and conforming the pleadings to address the same. At the August 17 meet and confer, the parties discussed additional supplementation that Meta plans to provide by August 29, 2026. The parties also discussed formatting issues with some of the works provided by Entrepreneur to Meta for use in Meta's searching efforts, which Entrepreneur is working to resolve. The parties will continue to work cooperatively on these issues, and if there are any remaining issues, the parties will raise them with the Court.

Entrepreneur asks for a date certain for the response to Interrogatory No. 19 as to Entrepreneur's books and magazines. Meta is agreeable to Entrepreneur's requested August 29, 2026, deadline for the interrogatory response as to Entrepreneur's books. With respect to Entrepreneur's magazines, Meta is agreeable to Entrepreneur's requested deadline of September 4, 2026, with one exception. As alluded to above, Meta has encountered technical problems with some of the Entrepreneur magazines that cannot be searched because of the format in which they were produced by Entrepreneur. Meta will confer with Entrepreneur to work through these technical issues but, at this time, cannot commit to a date certain for the interrogatory response as to this category of Entrepreneur magazines until the parties have a better sense as to whether these technical issues can be overcome.

Based on issues raised by Entrepreneur regarding Interrogatory No. 19, Meta is revising its supplemental responses to the Three Cs' interrogatories to minimize the potential for disputes from

the Three Cs about Meta's responses. For Chicken Soup and the Cambronne, Meta plans to provide those responses by August 24, 2026. For Cognella, Meta has finished its searching run for the thousands of works produced by Cognella and is working to provide those supplemental responses by August 29, 2026. Meta anticipates that, after receiving those responses, the parties will continue to meet and confer cooperatively and if there are any remaining issues, the parties will raise them with the Court.

Meta understands that the Three Cs may want to file a letter brief compelling Meta to provide the supplementations that it is already providing as set forth above. Meta will confer with the Three Cs to determine if this letter brief can be mooted.

## III. DEPOSITIONS

### A. Depositions of Meta Witnesses

On August 14, 2026, Entrepreneur and the Three Cs requested a 30(b)(1) deposition of Chris Cox, Meta's Chief Product Officer. On August 17, the parties met and conferred regarding Meta's intent to file a motion for protective order given Mr. Cox's status as an apex witness. If the parties do not resolve the dispute, they will promptly present a discovery letter brief to this Court.

On August 17, Meta and Entrepreneur discussed Meta's objections and responses to Entrepreneur's 30(b)(6) deposition notice. Other than Meta following up on questions about one topic, Meta understands that Entrepreneur's concerns were resolved by that discussion. Meta has served objections and responses to the Three Cs' 30(b)(6) deposition notice. The Three Cs have not raised concerns with Meta about the 30(b)(6) objections and responses.

Dated: August 18, 2026

Respectfully Submitted,

By */s/ Karen L. Dunn*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
151 University Avenue
Palo Alto, CA 94301-1632
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*