September 1, 2026

***By ECF***

The Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom E – 15th Floor
250 Golden Gate Avenue
San Francisco, CA 94102

Re: *Cambronne Inc., et al. v. Meta Platforms, Inc.*, Case No. 3:26-cv-03725-VC;
*Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, Case No. 3:26-cv-02333-VC;
*Cognella, Inc. v. Meta Platforms, Inc.*, Case No. 3:26-cv-04053-VC

Dear Judge Hixson:

Plaintiffs and Non-Party OpenAI OpCo LLC ("OpenAI") respectfully submit this joint letter brief regarding Plaintiffs' motion to compel OpenAI to comply with subpoenas served on it in the above-captioned actions. The parties have met and conferred regarding the subpoenas on August 6, 17, and 19, 2026, but were unable to reach resolution.

**Plaintiffs' Position**

The documents and testimony sought from OpenAI OpCo LLC ("OpenAI") by Plaintiffs in these coordinated actions are relevant and material to defeating Meta's fair use defense, and the Court should compel compliance with the subpoenas in full.[1] To the extent the Court orders any narrowing, it should nonetheless require OpenAI (which has no doubt already responded to similar discovery in the pending MDL concerning similar alleged infringement) to provide meaningful documents that go to the heart of Plaintiffs' requests. Plaintiffs' requests encompass three categories that are highly relevant here, and will allow Plaintiffs to present proof of evidence that Judge Chhabria found missing from the record or otherwise lacking in *Kadrey*:

**1. Market Substitution Evidence (Requests 1–2 and Topics 1–2)**

Meta's response to Interrogatory No. 16 in the *Kadrey* case narrowed the relevant market and then declared it undisturbed: "[t]he Meta Language Models and their outputs do not serve as a market substitute for the Plaintiffs' asserted works, do not compete with those works, and do not harm the value of Plaintiffs' asserted works." Meta's Second Further Suppl. & Am. Resps. & Objs. to Pls.' Second Set of Interrogatories (No. 16) at 11, *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.), ECF No. 690-2 ("Meta Rog. Resp."). That contention does not dispose of the fourth factor, which does not ask about the defendant's conduct alone.

Market harm is "undoubtedly the single most important element of fair use." *Harper & Row Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 566 (1985). Applying *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994), the Ninth Circuit holds that this analysis "encompasses both (1) the extent of market harm caused by the particular actions of the alleged infringer, and (2) whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market." *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022).

The premise of that second inquiry is that the defendant's conduct is widespread; the *effect* of that conduct is what must be proved. The factor asks about "conduct of the sort engaged in by the defendant"—a category of conduct, not a single defendant. Courts typically draw inferences when better evidence is unavailable, but no case holds that actual evidence is irrelevant or less probative than assumptions borne of inference; indeed, fair use defendants may prevail where plaintiffs offer "conclusory assertions and speculation" instead of "quantifiable evidence" of market harm. *Am. Soc. for Testing and Materials v. Public.Resource.Org, Inc.*, 82 F.4th 1262, 1271 (D.C. Cir. 2023). Here the better evidence exists. OpenAI concedes that it used "shadow library" materials to train GPT-3 and GPT-3.5, and that GPT-3.5 powered ChatGPT; the products built on those models captured a commanding share of the market. Proof of what conduct of this sort has actually done to the market for books is stronger than a hypothesis about what it might do.

Requests and Topics 1 and 2 are directed at such evidence. They seek OpenAI's documents and testimony on the capacity of its models to "generate, continue, summarize, transform, imitate, or reproduce" literary content, together with OpenAI's own testing and benchmarking of that capacity—expressly including its assessments of "the extent to which model-generated output may substitute for or compete with human-authored works." OpenAI's objection that the Requests seek

[1] The "Requests" and "Topics" discussed below refer to the requests in each document subpoena, and the topics for examination in each deposition subpoena, respectively.

capabilities rather than market effects cannot be squared with that language. A developer's internal conclusion that its output substitutes for human-authored books is an admission, and public prompting of a deployed model will not produce it. Plaintiffs will limit these Requests and Topics to the models OpenAI concedes were trained on shadow-library materials and their successors, which meets OpenAI's burden objection.

**2. Licensing Evidence (Request 3 and Topic 3)**

Meta's fair use position also rests on an empirical claim about the industry: that "there was no market for licensing Plaintiffs' literary books as training data for LLMs . . . and there is no such market today," Meta Rog. Resp. at 14; that "any particular book has no independent value as training data and/or is interchangeable with countless other books," *id.* at 14–15; and that it "would . . . be impractical, if not impossible, for companies developing LLMs to attempt to negotiate licenses with each individual book rights holder," because the "time and cost necessary to do so would have precluded development of the models in the first instance," *id.* at 15.

Those are falsifiable assertions, and licenses taken by other participants are evidence that the "potential market" for licensing exists. *See McGucken*, 42 F.4th at 1163 ("[A]n infringing use would destroy a derivative market when the infringing work is of the same type as existing works by *licensed* users."). And although Judge Chhabria was unpersuaded that this potential market matters for fair use, the Ninth Circuit has yet to address the issue, and Plaintiffs seek to litigate it on a fulsome record. Indeed, Judge Chhabria acknowledged that licensing is not wholly irrelevant, holding that if Meta's use was *not* fair use, "LLM developers . . . won't need to stop using copyrighted works to train their models. They will need only to pay rightsholders for licenses for that training." *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1059 (N.D. Cal. 2025).

Request 3 and Topic 3 seek OpenAI's documents and testimony concerning its "licensing and efforts to license books and other content for AI training." The executed agreements OpenAI has agreed to produce will show the market exists and on what terms. But Meta asserts more than the absence of deals: it asserts that licensing was "impractical, if not impossible," and that books have "no independent value" and are "interchangeable." Only the negotiations show what rightsholders were asked to give, what developers were willing to pay, and which deals failed and why. *Planner5D*, cited below, involved duplicative negotiation detail with respect to licenses already executed, not rebuttal of a claim that no bargain was possible. Beyond what OpenAI has agreed to produce, Plaintiffs will limit the request to unconsummated book-licensing negotiations and to custodians OpenAI identified in the MDL.

**3. Torrenting Evidence (Requests 4–6 and Topics 4–5)**

Meta defends its use of BitTorrent on grounds of necessity and efficiency, responding that it "used BitTorrent because it was a more efficient and reliable means of obtaining the datasets, and in the case of Anna's Archive, those datasets were only available in bulk through torrent downloads." Meta Rog. Resp. at 16. It further contends that "the potential for a peer to upload data to other peers in the network is an inherent characteristic of the BitTorrent protocol," so that any reuploading of Plaintiffs' works during the download "was part-and-parcel of the download of Plaintiffs' works in furtherance of Meta's transformative fair use purpose." *Id.*

A defendant who says *additional* infringement was the only workable route invites proof that it was not. Requests and Topics 4 and 5 seek the identity, versions, and configurations of any torrent client OpenAI used, and OpenAI's efforts to "prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, or otherwise making Data available to other users." That

Plaintiffs' expert will test torrent clients is no answer. Testing shows what a client can be made to do, but it cannot show what OpenAI did. If OpenAI will stipulate to how it acquired the shadow-library data, Plaintiffs will accept that information in satisfaction of Requests and Topics 4 and 5.

If OpenAI built comparable corpora without torrenting, Meta cannot maintain that torrenting was necessary. If OpenAI torrented but configured its clients to suppress uploading, then the redistribution Meta calls an "inherent characteristic" of the protocol was a setting Meta declined to change—a point already suggested by the finding that a Meta engineer "wrote a script to prevent seeding, but apparently not leeching." *Kadrey*, 788 F. Supp. 3d at 1041. The Court held that "[b]ecause Meta's ultimate use of the plaintiffs' books was transformative, so too was Meta's downloading of those books," *id.* at 1048, and Meta now extends that reasoning to the reuploading that occurred while it obtained them.

Request 6 seeks the Frederiksen-Cross materials from the OpenAI MDL. Rule 45(d)(3)(B)(ii) does not shield them: that Rule, which applies to requests for "an *unretained* expert's opinion" was "promulgated to allow experts to bargain for the value of their services when a subpoena would otherwise deny them the ability to do so." *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2019 WL 3069009, at *7 (C.D. Cal. Apr. 29, 2019). Plaintiffs seek materials from Frederiksen-Cross, a *retained* expert, with respect to the "specific occurrence in dispute" of how OpenAI actually acquired shadow-library data at scale—and OpenAI says her reports were prepared at OpenAI's request. Relief under Rule 45(d)(3)(B) is discretionary, and the Court may set conditions instead. Fed. R. Civ. P. 45(d)(3)(C). Plaintiffs will accept the portions describing acquisition and download methods.

**<u>OpenAI's Position</u>**

Though not a party, OpenAI could be mistaken for one given the extraordinary breadth of the 3Cs' subpoenas.[2] The subpoenas go far beyond what plaintiffs in nearly identical lawsuits have sought and seek unprecedented discovery into OpenAI model capabilities and training methods. But OpenAI is an entirely *different* frontier AI company than Meta. It trained *different* models, using *different* techniques and *different* training mixes, and deployed *different* safety guardrails. Any conclusions the 3Cs hope to draw about the capabilities or effects of *OpenAI's* models have no bearing on *Meta's* models. To be clear, OpenAI has agreed to provide the 3Cs with a set of text-based data access agreements. This is the sole category of documents remotely relevant to this litigation, and OpenAI has produced these agreements in other LLM copyright lawsuits, including *Kadrey*. OpenAI respectfully requests that the Court quash any further discovery. A contrary ruling risks inviting plaintiffs in all AI copyright litigation to serve subpoenas on peer AI companies based on theories of speculative harms that might occur if a defendant's conduct became "widespread." Neither copyright law nor Rule 45 sanction this outcome.

**Argument**

Nonparties subject to discovery requests deserve "extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). A court *must* quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). And it may quash a subpoena that calls for "confidential research, development or commercial information" or for "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

---

[2] The "3Cs" refers to the *Cambronne, Cognella*, and *Chicken Soup for the Soul* plaintiffs.

Model Capability Discovery (RFPs 1-2; Deposition Topics 1-2)
The 3Cs request documents and testimony on (1) the capabilities of OpenAI models to generate literary content of *any* type and (2) all related testing and analysis. They rely on *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994), but that case considers what would happen if conduct of the same sort *Meta engaged in* became widespread, *id.*, and permits logical inferences in lieu of empirical data, *Hachette Book Grp., Inc. v. Internet Archive*, 115 F.4th 163, 193 (2d Cir. 2024). The 3Cs' topics are irrelevant to *Campbell*'s "widespread conduct" standard for two reasons.

***First***, the topics only seek information about the *capabilities* of OpenAI's models—not the *market effects* of model outputs. Although the 3Cs claim to seek proof of what "conduct of this sort has actually done to the market for books," the evidence they *actually* seek would do nothing to establish whether any book sale was displaced, any author stopped writing, or any market harm ever materialized.

***Second***, discovery into *OpenAI's* models will provide no insight into the capabilities or market effects of *Meta's* models. The 3Cs provide no evidence that Meta's models were trained in the same manner as OpenAI's or employ comparable safety measures. In any event, OpenAI explained to the 3Cs that OpenAI's use of the so-called "shadow library" materials was limited to two models deployed in a very limited capacity several years ago (GPT-3 and GPT-3.5). The former *never* powered ChatGPT, and the latter was deprecated years ago.[3] Any suggestion that OpenAI's *current* market position rests on "products built on" these shadow libraries is thus baseless. OpenAI's products have had no connection to such libraries for years.

Relevance aside, the requests are highly burdensome. They would require a full-scale audit of OpenAI's model and products and months of investigation. That OpenAI is a defendant in an MDL does not diminish this burden. The other lawsuits involve non-overlapping models with different document requests. Trying to identify responsive materials—including parsing which documents concern which model—would require teams of document reviewers poring through millions of documents to assess responsiveness on a document-by-document basis.

Torrenting Discovery (RFPs 4-6; Deposition Topics 4-5)
The 3Cs seek the identification of all torrenting applications used by OpenAI, configurations for *every* torrenting activity, and all reports prepared by Barbara Frederiksen-Cross, an expert used by OpenAI in an unrelated lawsuit not involving Meta or the 3Cs. The 3Cs claim this discovery is needed to rebut Meta's theories regarding seeding and data transfer. But the sought-after discovery is unnecessary, irrelevant, and burdensome. Whether "shadow library" content can be downloaded at scale is readily ascertainable from the libraries themselves, and the technical capabilities of torrent clients can be confirmed by examining those clients. *The 3Cs' counsel admitted during the parties' conferral that their expert will test torrent clients.* The sought-after discovery is also irrelevant: there is no evidence that OpenAI used the same torrent clients or built "comparable corpora" to Meta. Finally, the requested discovery is enormously burdensome to collect, as it will require a costly, time-consuming investigation and review of documents and technical configurations authored years ago by now-departed OpenAI employees.[4]

---

[3] *See* https://openai.com/index/chatgpt and https://developers.openai.com/api/docs/deprecations.

[4] The 3Cs' proposal that OpenAI submit a stipulation will not resolve OpenAI's burden objection, as any stipulation will inevitably result in disagreements regarding the appropriate

Request No. 6 should also be denied because it would require disclosure of information from an expert "that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Rule 45(d)(3)(B)(ii). Ms. Frederiksen-Cross's report and deposition testimony embody specialized analyses generated at *OpenAI's* request concerning a different occurrence (*OpenAI's* activities, not Meta's) and were not prepared at the request of any party to the present action. Given that the 3Cs' expert will conduct torrenting tests, the 3Cs have done nothing to satisfy their burden to show a "substantial need for [Ms. Frederiksen-Cross's materials] that cannot be otherwise met without undue hardship." *Verinata Health, Inc., v. Sequenom, Inc.*, 2014 WL 2600367 at *2 (N.D. Cal. 2014). Collecting the 3Cs' requested materials would be burdensome because Ms. Fredericksen-Cross's materials and expert reports relied on confidential OpenAI source code accessible only through a secure review environment established for the now-closed discovery period in the OpenAI MDL. There is no need, much less a "substantial need," to burden OpenAI.[5]

<u>"Licensing" Discovery</u> (RFP 3; Deposition Topic 3)

OpenAI has already agreed to provide the 3Cs with a set of executed data access agreements. But the 3Cs also demand all the underlying negotiation correspondence even for negotiations that yielded no deals. This request, even if limited to books, and even if limited to unconsummated agreements, would still require OpenAI to comb its systems for *any* documents from January 2019 to the present, *with* or *about* any potential licensor. This request is especially burdensome because it requires new searches for material that exceed both the scope and the time period at issue in the OpenAI MDL. This unbounded search would yield minimal relevant information beyond what the executed data access agreements already provide and seeks information far exceeding anything similarly-situated plaintiffs in other LLM litigation have sought. The best evidence regarding the existence of a supposed licensing market is the agreements themselves, of which OpenAI has agreed to produce dozens. *See UAB 'Planner5D" v. Meta Platforms, Inc.*, 2024 WL 4190052 at *1-2 (N.D. Cal. May 21, 2024) (denying discovery into negotiations where agreements had been produced).

<u>Deposition Subpoenas</u>

The 3Cs' deposition subpoena, which seeks witness testimony on the same broad topics as the document requests, should be quashed for the reasons above and two more. ***First***, the subpoena would require OpenAI to educate, present, and defend at least three different deponents who themselves would need to speak with *countless more witnesses* because the topics cover multiple OpenAI models, products, teams, and employees over a seven-year period marked by employee turnover and numerous reorganizations. ***Second***, with respect to the "licensing" deposition topics in particular, the 3Cs fail to establish why the burden of presenting a witness for deposition is necessary given that the agreements speak for themselves.

---

scope, and more motion practice before this Court.

[5] Notably, OpenAI and plaintiffs suing OpenAI were able to test torrenting theories without burdening third parties with subpoenas. The 3Cs can do the same in this matter.

Respectfully,

KEKER, VAN NEST &
PETERS LLP[6]

*/s/ Paven Malhotra*
Paven Malhotra

*Counsel for Non-Party*
*OpenAI OpCo LLC*

FREEDMAN NORMAND
FRIEDLAND LLP

*/s/ Kyle W. Roche/*
Kyle Roche *(pro hac vice)*

*Counsel for Plaintiffs*

---

[6] All parties whose electronic signatures are included herein have consented to the filing of this document.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Chicken Soup for the Soul, LLC
*Plaintiff*
v.
Meta Platforms, Inc.
*Defendant*

Civil Action No. 3:26-cv-02333-VC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: OpenAI OpCo LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: San Francisco, CA | Date and Time: 08/21/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/07/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Kyle W. Roche
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Chicken Soup for the Soul LLC, who issues or requests this subpoena, are:

Kyle W. Roche, 155 E 44th Street, Suite 915 New York, NY 10017, kroche@fnf.law, 646-494-2900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:26-cv-02333-VC

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiff's claims as alleged in Plaintiffs' Amended Complaint in Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026).

**DEFINITIONS**

1. As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "BitTorrent" means the peer-to-peer file sharing protocol of the same name, as originally specified in https://bittorrent.org/beps/bep_0003.html, and implemented by software such as LibTorrent.

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiff's Amended Complaint. ECF No. 63.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7. "Data" means content, files, information, metadata, software, or any other digital material including Documents, including copies and backups of any of the foregoing digital material, whether in custodial or non-custodial sources.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;
- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Online Database(s)" means the type of databases described in the Complaint—online databases with copyrighted material or books including but not limited to Books3, b3g, Z-Library (aka B-ok), Library Genesis (aka LibGen), Bibliotik, Anna's Archive, Internet Archive, DuXiu, The Pile, and WeLib. The term encompasses all versions, updates, augmentations, or modifications of such databases, and the distribution, provision, or sharing of copyrighted material or books by other users, or peers, via the torrent protocol or network.

11. "Relevant Period" means January 1, 2019 to the present.

12. "Torrent," "Torrented," and "Torrenting" mean peer-to-peer file sharing, including the use of Torrent Client(s), in which users download and/or upload pieces of digital files from and/or to multiple different users (peers) in a network simultaneously.

13. "Torrent Client(s)" means a network or application, including but not limited to implementations of the BitTorrent protocol, designed for sharing digital data and that was used by Meta to obtain data from any Online Database.

14. "Torrented Data" means Data acquired via Torrenting of Online Databases.

15. "You" or "Your" refers to OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC, or entities, agents, or individuals under the employ of or otherwise controlled by, or entities owned in whole or in part by OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC.

**INSTRUCTIONS**

1. Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2. These Requests for Productions should be deemed continuing such that if You subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

3. If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

4. If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

5. If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## REQUESTS FOR PRODUCTION

1. All Documents and Communications Concerning the ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

2. All Documents and Communications Concerning any testing, evaluation, benchmark, study, analysis, report, or comparison of the abilities or capabilities identified in Request No. 1, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

3. All Documents and Communications Concerning Your licensing and efforts to license books and other content for AI training.

4. Documents and Communications sufficient to identify each torrenting application, torrent software version, implementation, library, and/or Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

5. All Documents and Communications, including configuration files, settings registries, and similar records, Concerning Your efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, leeching, or otherwise making Data available to other users during or after the Torrenting process, including by altering configurations and settings of Torrent Clients, devices, servers, virtual machines, networks, cloud environments, or storage systems.

6. All expert reports, declarations, affidavits, analyses, rebuttal reports, supplemental and/or reply reports, demonstratives, testimony, exhibits, appendices, schedules, attachments, and other expert material prepared by, for, reviewed by, considered by, relied upon by, submitted by, or attributed to Barbara Frederiksen-Cross in *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143, (S.D.N.Y.).

# CERTIFICATE OF SERVICE

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*

**CASE NUMBER: 3:26-cv-02333-VC**

I, the undersigned, am employed by Freedman Normand Friedland LLP. My business address is 155 E. 44th St., Suite 915 New York, NY 10017. I am over the age of eighteen and not a party to this action.

On August 7, 2026, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF'S NOTICE OF SUBPOENA AND SUBPOENA TO OPENAI**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 7, 2026

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Kyle Roche*
Kyle Roche

## SERVICE LIST

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
EMILY L. WANG - # 345438
ewang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
Attorneys for Non-Party OPENAI OPCO, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

Chicken Soup for the Soul, LLC,

Plaintiff,

*v.*

Meta Platforms, Inc.,

Defendant.

Case No. 3:26-CV-02333-VC

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party OpenAI OpCo, LLC ("OpCo, LLC") hereby objects and responds to Plaintiff's Subpoena to Produce Documents in a Civil Action ("Subpoena").

## INTRODUCTORY RESPONSE

OpCo, LLC responds to the Requests based on the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. OpCo, LLC responds to the Requests as it interprets and understands each Request set forth herein. If Plaintiff subsequently asserts an interpretation of any of the Requests that differs from OpCo, LLC's understanding, OpCo, LLC reserves the right to supplement its objections and/or responses.

OpCo, LLC's willingness to respond to any particular Request does not constitute an admission that OpCo, LLC agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpCo, LLC that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that OpCo, LLC knows any such document exists or is in its possession, custody, or control.

OpCo, LLC's responses to the Requests may contain, provide, or refer to information that is protected under the Stipulated Protective Order entered in this matter on May 27, 2026, and should therefore be treated accordingly.

OpCo, LLC's investigation of the facts is ongoing. OpCo, LLC's responses to the Requests are therefore made without prejudice to OpCo, LLC's right to amend, correct or supplement its responses to the Requests.

## GENERAL OBJECTIONS

1. OpCo, LLC objects to the Subpoena as failing to provide a reasonable time for compliance, particularly given the ambiguity concerning the recipient, the breadth of the requests,

the number of entities purportedly covered, the volume and sensitivity of the information sought, and the review required by privileges, court orders, contractual confidentiality obligations, and third-party designations. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

2. OpCo, LLC objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a. call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

b. are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c. require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

d. purport to require the disclosure of information already in the possession of Plaintiff, available from public sources, as accessible to Plaintiff as to OpCo, LLC, or obtainable from another source that is more convenient, less burdensome or less expensive. OpCo, LLC provides these responses with the understanding that Plaintiff already has access to such sources;

e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. OpCo, LLC will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules;

f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpCo, LLC's possession, custody, or control. OpCo, LLC will only provide relevant, non-privileged information, if any, that is within OpCo, LLC's present possession, custody, or control and available after a reasonable investigation;

g. imprecisely specify the information sought. Where imprecise terms are used, OpCo, LLC will, therefore, provide only information that is responsive to the Request based on OpCo, LLC's interpretation of the Request;

h. seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i. are not limited to a reasonable time period. OpCo, LLC will produce documents, if any, from a reasonable time period as it relates to the case;

j. purport to impose a duty on OpCo, LLC to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k. seek discovery in violation of any applicable law;

l. are premature and require the disclosure of expert discovery, opinions or analysis;

m. seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpCo, LLC and a third party, or the subject of a non-disclosure/confidentiality agreement between OpCo, LLC and a third party. OpCo, LLC will produce third-party confidential documents, if any, subject to, at a minimum, the terms of the Stipulated Protective Order entered by the Court on May 27, 2026; or

n. seek information that is more efficiently or appropriately obtained through some other form of discovery.

3. OpCo, LLC reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4. Where a Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

5. OpCo, LLC objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpCo, LLC. OpCo, LLC will produce confidential documents, if any, as set forth herein, subject to, at a minimum, the terms of the Stipulated Protective Order entered in this matter on May 27, 2026.

6. OpCo, LLC objects to the instruction that purports to require OpCo, LLC to provide a privilege log containing: (1) the name of the document, (2) the name and address of the person(s) who prepared it, (3) the person(s) to whom it was directed or circulated, (4) the date on which the Document was prepared or transmitted, (5) the name and address of the person(s) now in possession of the Document, (6) the description of the subject matter of the Document, and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information). If necessary, OpCo, LLC will provide a privilege log containing information subject to the terms of an ESI protocol to be agreed upon by the parties.

7. OpCo, LLC objects to the instruction that purports to require OpCo, LLC to produce documents describing or referencing the contents of lost or destroyed documents, the locations in which a copy of the lost or destroyed documents had been maintained, the date of any such destruction, the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed documents, all document retention and destruction policies in effect at the time any requested documents were destroyed, and all efforts made to locate responsive documents alleged to have been lost or destroyed. OpCo, LLC will not produce such documents, as the requests to do so are unreasonably burdensome and not proportional to the needs of this case.

8. OpCo, LLC objects to Plaintiff's definition of "Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks communications "of any kind."

9. OpCo, LLC objects to Plaintiff's definition of "Data" as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it encompasses "content,

files, information, metadata, software, or any other digital material including Documents, including copies and backups, whether in custodial or non-custodial sources."

10. OpCo, LLC objects to Plaintiff's definition of "Online Database(s)" as vague, ambiguous, argumentative, and not proportional to the needs of the case insofar as it improperly presumes the contents of the repositories and lists specific databases in the context of allegations directed at Defendant Meta. Moreover, the definition is overbroad and encompasses a wide and nonexclusive collection of repositories, all versions and modifications of those sources, and unspecified similar repositories.

11. OpCo, LLC objects to Plaintiff's definition of the "Relevant Period" (January 1, 2019, to the present) as overly broad and unduly burdensome insofar as it spans more than seven years and is not bounded to a reasonable time period proportional to the needs of this case, consistent with General Objection No. 2(i).

12. OpCo, LLC objects to Plaintiff's definition of "Torrent Client(s)" as vague, ambiguous, and not proportional to the needs of this case. The definition itself refers to software "that was used by Meta to obtain data from any Online Database," improperly presuming that non-party OpCo, LLC engaged in the same torrenting conduct alleged only against Defendant Meta.

13. OpCo, LLC objects to Plaintiff's definition of "You" or "Your" as overly broad, unduly burdensome, and exceeding the permissible scope of a Rule 45 subpoena directed at a non-party insofar as it sweeps in numerous affiliated entities—including "OAI Corporation, LLC," "OpenAI GP, LLC," "OpenAI Global LLC," "OpenAI Holdings, LLC," "OpenAI LLC," "OpenAI LP," "OpenAI, Inc.," "OpenAI Startup Fund GP I LLC," "OpenAI Startup Fund I LP," "OpenAI Startup Fund Management LLC," "OpenAI Group PBC," and unspecified "entities, agents, or individuals under the employ of or otherwise controlled by" any of the foregoing—beyond OpenAI OpCo, LLC, the entity on whose behalf these objections are submitted.

14. Without waiving the foregoing General Objections but in express reliance thereon, OpCo, LLC incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All Documents and Communications Concerning the ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

**RESPONSE TO REQUEST NO. 1:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unduly burdensome insofar as it seeks "All Documents and Communications" concerning what is an unbounded and enormously broad topic (the ability of OpCo, LLC's artificial-intelligence models to generate, continue, summarize, transform, imitate, or reproduce literary content); it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

The Request is not limited to any identified model, model version, or asserted work. The Request facially encompasses every document and communication concerning virtually every OpCo, LLC language model, including unreleased models and capabilities having no conceivable relationship to Meta or to Plaintiff's claims against Meta. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 2:**

All Documents and Communications Concerning any testing, evaluation, benchmark,

study, analysis, report, or comparison of the abilities or capabilities identified in Request No. I, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

**RESPONSE TO REQUEST NO. 2:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unduly burdensome insofar as it seeks "All Documents and Communications" concerning what is an unbounded and enormously broad topic (the testing, evaluation, benchmark, study, analysis, report, or comparison of the purported abilities of OpCo, LLC's models to generate, continue, summarize, transform, imitate, or reproduce literary content); it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 3:**

All Documents and Communications Concerning Your licensing and efforts to license books and other content for Al training.

**RESPONSE TO REQUEST NO. 3:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents characterized as concerning "licensing and efforts to license books and other content for AI training" that sweep broader than the scope of asserted works in this litigation; seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case; seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession,

custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

Subject to and without waiving its General Objections or the objections specified above, OpCo, LLC further responds as follows: OpCo, LLC will conduct a reasonable search for and produce final, executed data access agreements responsive to this Request from a reasonable period that OpCo, LLC previously produced *in In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW (S.D.N.Y.), unless a third party lodges an objection to production, in which case OpCo, LLC will identify the third party making the objection to Plaintiff for Plaintiff to discuss with the third party.

**REQUEST NO. 4:**

Documents and Communications sufficient to identify each torrenting application, torrent software version, implementation, library, and/or Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

**RESPONSE TO REQUEST NO. 4:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unbounded as to time;. This action concerns Defendant Meta's alleged torrenting conduct, and the Subpoena's own definition of "Torrent Client(s)" refers to software "that was used by Meta," creating a vague and improper request as applied to OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 5:**

All Documents and Communications, including configuration files, settings registries, and similar records, Concerning Your efforts to prevent, limit, or mitigate uploading, reuploading, seeding, peer exchange, leeching, or otherwise making Data available to other users during or after the Torrenting process, including by altering configurations and settings of Torrent Clients,

devices, servers, virtual machines, networks, cloud environments, or storage systems.

**RESPONSE TO REQUEST NO. 5:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

Additionally, Plaintiff's request improperly presumes that non-party OpCo, LLC engaged in the same torrenting conduct alleged only against Defendant Meta. The Subpoena's own definition of "Torrent Client(s)" refers to software "that was used by Meta," rendering the Request vague and improper as applied to OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 6:**

All expert reports, declarations, affidavits, analyses, rebuttal reports, supplemental and/or reply reports, demonstratives, testimony, exhibits, appendices, schedules, attachments, and other expert material prepared by, for, reviewed by, considered by, relied upon by, submitted by, or attributed to Barbara Frederiksen-Cross in *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143, (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 6:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. The Request seeks the complete expert file of an expert retained by OpCo, LLC in separate litigation concerning OpCo, LLC's conduct, systems, data, and defenses. Ms. Frederiksen-Cross was retained to analyze

OpCo, LLC's conduct in separate litigation. She did not analyze Meta's conduct or systems. Plaintiff has identified no basis on which her OpCo, LLC-specific work bears on any claim or defense concerning Meta.

OpCo, LLC further objects to the Request's demand for every analysis and every item "prepared by," "prepared for," "reviewed by," or "attributed to" Ms. Frederiksen-Cross, which encompasses or may encompass counsel's mental impressions, litigation strategy, draft work, attorney-expert communications, and materials that were neither relied upon nor disclosed in the OpCo, LLC litigation. Draft expert reports and draft disclosures are protected under Federal Rule of Civil Procedure 26(b)(4)(B). Communications between Ms. Frederiksen-Cross and OpCo, LLC's counsel are protected under Rule 26(b)(4)(C), the attorney work-product doctrine, and, where applicable, the attorney-client privilege.

OpCo, LLC also objects because the Request seeks confidential expert materials, confidential technical information regarding OpCo, LLC's systems and operations, and discovery materials subject to protective orders and other confidentiality restrictions entered in separate litigation. Plaintiff may not compel OpCo, LLC to violate protective orders or confidentiality restrictions governing the litigation in which those materials were created, or use this Subpoena to evade the disclosure limitations applicable to protected expert materials. Plaintiff has demonstrated no relevance sufficient to justify the burden, confidentiality, and privilege concerns imposed on OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

Dated: August 19, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*

PAVEN MALHOTRA
EMILY L. WANG
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **August 19, 2026**, I served the following document(s):

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN CIVIL ACTION**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| ***Attorneys for Plaintiff*** | |
|---|---|
| Elizabeth Brannen<br>John Stokes<br>Lauren Martin<br>**STRIS & MAHER LLP**<br>17785 Center Court Dr. N.<br>Suite 600<br>Cerritos, CA 90703<br>(213) 995-6800<br>ebrannen@stris.com<br>jstokes@stris.com<br>lmartin@stris.com | Christopher M. Rigali *(pro hac vice)*<br>Jacqueline Sahlberg *(pro hac vice)*<br>**STRIS & MAHER LLP**<br>1601 K. Street NW<br>Suite 1050<br>Washington, DC 20006<br>(202) 800-5749<br>crigali@stris.com<br>jsahlberg@stris.com |
| Kyle Roche *(pro hac vice)*<br>Devin (Velvel) Freedman *(pro hac vice forthcoming)*<br>Alex Potter *(pro hac vice)*<br>**FREEDMAN NORMAND FRIEDLAND LLP**<br>155 E. 44th Street<br>Suite 915<br>New York, NY 10017<br>(646) 494-2900<br>kroche@fnf.law<br>vel@fnf.law<br>apotter@fnf.law | |
| ***Attorneys for Defendant Meta Platforms, Inc.*** | |
| Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>**DUNN ISAACSON RHEE LLP**<br>401 Ninth Street, N.W.<br>Washington, DC 20004<br>(202) 240-2900 | |

| | |
|---|---|
| jphillips@dirllp.com<br>kdunn@dirllp.com<br>ksmith@dirllp.com | |
| Bobby A. Ghajar<br>Kathleen R. Hartnett<br>**COOLEY LLP**<br>3 Embarcadero Center<br>20th Floor<br>San Francisco, CA 94111-4004<br>(415) 693-2071<br>bghajar@cooley.com<br>khartnett@cooley.com | Mark R. Weinstein<br>**COOLEY LLP**<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>650-843-5000<br>mweinstein@cooley.com |
| Angela Dunning<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>1841 Page Mill Road<br>Ste 250<br>Palo Alto, CA 94304-1248<br>650-815-4131<br>adunning@cgsh.com | |

Executed on **August 19, 2026**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Emily L. Wang*
Emily L. Wang

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Cambronne, Inc. et al., *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:26-cv-03725-VC |
| Meta Platforms, Inc. *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: OpenAI OpCo LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: San Francisco, CA | Date and Time: 08/28/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/17/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

/s/ Kyle W. Roche

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Kyle W. Roche, 155 E 44th Street, Suite 915 New York, NY 10017, who issues or requests this subpoena, are: kroche@fnf.law, 646-494-2900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:26-cv-03725

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' Second Amended Complaint in *Cambronne, Inc., et al. v. Meta Platforms, Inc.*, Case No. 3:26-cv-03725-VC (N.D. Cal. 2026).

## DEFINITIONS

1. As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "BitTorrent" means the peer-to-peer file sharing protocol of the same name, as originally specified in https://bittorrent.org/beps/bep_0003.html, and implemented by software such as LibTorrent.

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' Second Amended Complaint. ECF No. 192.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7. "Data" means content, files, information, metadata, software, or any other digital material including Documents, including copies and backups of any of the foregoing digital material, whether in custodial or non-custodial sources.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;
- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Online Database(s)" means the type of databases described in the Complaint—online databases with copyrighted material or books including but not limited to Books3, b3g, Z-Library (aka B-ok), Library Genesis (aka LibGen), Bibliotik, Anna's Archive, Internet Archive, DuXiu, The Pile, and WeLib. The term encompasses all versions, updates, augmentations, or modifications of such databases, and the distribution, provision, or sharing of copyrighted material or books by other users, or peers, via the torrent protocol or network.

11. "Relevant Period" means January 1, 2019 to the present.

12. "Torrent," "Torrented," and "Torrenting" mean peer-to-peer file sharing, including the use of Torrent Client(s), in which users download and/or upload pieces of digital files from and/or to multiple different users (peers) in a network simultaneously.

13. "Torrent Client(s)" means a network or application, including but not limited to implementations of the BitTorrent protocol, designed for sharing digital data and that was used by Meta to obtain data from any Online Database.

14. "Torrented Data" means Data acquired via Torrenting of Online Databases.

15. "You" or "Your" refers to OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC, or entities, agents, or individuals under the employ of or otherwise controlled by, or entities owned in whole or in part by OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC.

## INSTRUCTIONS

1. Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2. These Requests for Productions should be deemed continuing such that if You subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

3. If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

4. If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

5. If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

**REQUESTS FOR PRODUCTION**

1. All Documents and Communications Concerning the ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

2. All Documents and Communications Concerning any testing, evaluation, benchmark, study, analysis, report, or comparison of the abilities or capabilities identified in Request No. 1, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

3. All Documents and Communications Concerning Your licensing and efforts to license books and other content for AI training.

4. Documents and Communications sufficient to identify each torrenting application, torrent software version, implementation, library, and/or Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

5. All Documents and Communications, including configuration files, settings registries, and similar records, Concerning Your efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, leeching, or otherwise making Data available to other users during or after the Torrenting process, including by altering configurations and settings of Torrent Clients, devices, servers, virtual machines, networks, cloud environments, or storage systems.

6. All expert reports, declarations, affidavits, analyses, rebuttal reports, supplemental and/or reply reports, demonstratives, testimony, exhibits, appendices, schedules, attachments, and other expert material prepared by, for, reviewed by, considered by, relied upon by, submitted by, or attributed to Barbara Frederiksen-Cross in *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143, (S.D.N.Y.).

# CERTIFICATE OF SERVICE

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Cambronne, Inc., et al. v. Meta Platforms, Inc.*

**CASE NUMBER: 3:26-cv-03725-VC**

I, the undersigned, am employed by Freedman Normand Friedland LLP. My business address is 155 E. 44th St., Suite 915 New York, NY 10017. I am over the age of eighteen and not a party to this action.

On August 17, 2026, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFFS' NOTICE OF SUBPOENA AND SUBPOENA TO OPENAI OPCO LLC**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 17, 2026

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Kyle Roche*
Kyle Roche

## SERVICE LIST

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
EMILY L. WANG - # 345438
ewang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
Attorneys for Non-Party OPENAI OPCO, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cambronne, Inc., et al.,<br><br>Plaintiffs,<br><br>*v.*<br><br>Meta Platforms, Inc.,<br><br>Defendant. | Case No. 3:26-CV-03725-VC<br><br>**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION** |

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party OpenAI OpCo, LLC ("OpCo, LLC") hereby objects and responds to Plaintiff's Subpoena to Produce Documents in a Civil Action ("Subpoena").

## INTRODUCTORY RESPONSE

OpCo, LLC responds to the Requests based on the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. OpCo, LLC responds to the Requests as it interprets and understands each Request set forth herein. If Plaintiff subsequently asserts an interpretation of any of the Requests that differs from OpCo, LLC's understanding, OpCo, LLC reserves the right to supplement its objections and/or responses.

OpCo, LLC's willingness to respond to any particular Request does not constitute an admission that OpCo, LLC agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpCo, LLC that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that OpCo, LLC knows any such document exists or is in its possession, custody, or control.

OpCo, LLC's responses to the Requests may contain, provide, or refer to information that is protected under the Stipulated Protective Order entered in this matter on May 27, 2026, and should therefore be treated accordingly.

OpCo, LLC's investigation of the facts is ongoing. OpCo, LLC's responses to the Requests are therefore made without prejudice to OpCo, LLC's right to amend, correct or supplement its responses to the Requests.

## GENERAL OBJECTIONS

1. OpCo, LLC objects to the Subpoena as failing to provide a reasonable time for compliance, particularly given the ambiguity concerning the recipient, the breadth of the requests,

the number of entities purportedly covered, the volume and sensitivity of the information sought, and the review required by privileges, court orders, contractual confidentiality obligations, and third-party designations. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

2. OpCo, LLC objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a. call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

b. are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c. require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

d. purport to require the disclosure of information already in the possession of Plaintiff, available from public sources, as accessible to Plaintiff as to OpCo, LLC, or obtainable from another source that is more convenient, less burdensome or less expensive. OpCo, LLC provides these responses with the understanding that Plaintiff already has access to such sources;

e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. OpCo, LLC will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules;

f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpCo, LLC's possession, custody, or control. OpCo, LLC will only provide relevant, non-privileged information, if any, that is within OpCo, LLC's present possession, custody, or control and available after a reasonable investigation;

g. imprecisely specify the information sought. Where imprecise terms are used, OpCo, LLC will, therefore, provide only information that is responsive to the Request based on OpCo, LLC's interpretation of the Request;

h. seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i. are not limited to a reasonable time period. OpCo, LLC will produce documents, if any, from a reasonable time period as it relates to the case;

j. purport to impose a duty on OpCo, LLC to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k. seek discovery in violation of any applicable law;

l. are premature and require the disclosure of expert discovery, opinions or analysis;

m. seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpCo, LLC and a third party, or the subject of a non-disclosure/confidentiality agreement between OpCo, LLC and a third party. OpCo, LLC will produce third-party confidential documents, if any, subject to, at a minimum, the terms of the Stipulated Protective Order entered by the Court on May 27, 2026; or

n. seek information that is more efficiently or appropriately obtained through some other form of discovery.

3. OpCo, LLC reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4. Where a Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

5. OpCo, LLC objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpCo, LLC. OpCo, LLC will produce confidential documents, if any, as set forth herein, subject to, at a minimum, the terms of the Stipulated Protective Order entered in this matter on May 27, 2026.

6. OpCo, LLC objects to the instruction that purports to require OpCo, LLC to provide a privilege log containing: (1) the name of the document, (2) the name and address of the person(s) who prepared it, (3) the person(s) to whom it was directed or circulated, (4) the date on which the Document was prepared or transmitted, (5) the name and address of the person(s) now in possession of the Document, (6) the description of the subject matter of the Document, and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information). If necessary, OpCo, LLC will provide a privilege log containing information subject to the terms of an ESI protocol to be agreed upon by the parties.

7. OpCo, LLC objects to the instruction that purports to require OpCo, LLC to produce documents describing or referencing the contents of lost or destroyed documents, the locations in which a copy of the lost or destroyed documents had been maintained, the date of any such destruction, the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed documents, all document retention and destruction policies in effect at the time any requested documents were destroyed, and all efforts made to locate responsive documents alleged to have been lost or destroyed. OpCo, LLC will not produce such documents, as the requests to do so are unreasonably burdensome and not proportional to the needs of this case.

8. OpCo, LLC objects to Plaintiff's definition of "Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks communications "of any kind."

9. OpCo, LLC objects to Plaintiff's definition of "Data" as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it encompasses "content,

files, information, metadata, software, or any other digital material including Documents, including copies and backups, whether in custodial or non-custodial sources."

10. OpCo, LLC objects to Plaintiff's definition of "Online Database(s)" as vague, ambiguous, argumentative, and not proportional to the needs of the case insofar as it improperly presumes the contents of the repositories and lists specific databases in the context of allegations directed at Defendant Meta. Moreover, the definition is overbroad and encompasses a wide and nonexclusive collection of repositories, all versions and modifications of those sources, and unspecified similar repositories.

11. OpCo, LLC objects to Plaintiff's definition of the "Relevant Period" (January 1, 2019, to the present) as overly broad and unduly burdensome insofar as it spans more than seven years and is not bounded to a reasonable time period proportional to the needs of this case, consistent with General Objection No. 2(i).

12. OpCo, LLC objects to Plaintiff's definition of "Torrent Client(s)" as vague, ambiguous, and not proportional to the needs of this case. The definition itself refers to software "that was used by Meta to obtain data from any Online Database," improperly presuming that non-party OpCo, LLC engaged in the same torrenting conduct alleged only against Defendant Meta.

13. OpCo, LLC objects to Plaintiff's definition of "You" or "Your" as overly broad, unduly burdensome, and exceeding the permissible scope of a Rule 45 subpoena directed at a non-party insofar as it sweeps in numerous affiliated entities—including "OAI Corporation, LLC," "OpenAI GP, LLC," "OpenAI Global LLC," "OpenAI Holdings, LLC," "OpenAI LLC," "OpenAI LP," "OpenAI, Inc.," "OpenAI Startup Fund GP I LLC," "OpenAI Startup Fund I LP," "OpenAI Startup Fund Management LLC," "OpenAI Group PBC," and unspecified "entities, agents, or individuals under the employ of or otherwise controlled by" any of the foregoing—beyond OpenAI OpCo, LLC, the entity on whose behalf these objections are submitted.

14. Without waiving the foregoing General Objections but in express reliance thereon, OpCo, LLC incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**

All Documents and Communications Concerning the ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

**RESPONSE TO REQUEST NO. 1:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unduly burdensome insofar as it seeks "All Documents and Communications" concerning what is an unbounded and enormously broad topic (the ability of OpCo, LLC's artificial-intelligence models to generate, continue, summarize, transform, imitate, or reproduce literary content); it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

The Request is not limited to any identified model, model version, or asserted work. The Request facially encompasses every document and communication concerning virtually every OpCo, LLC language model, including unreleased models and capabilities having no conceivable relationship to Meta or to Plaintiff's claims against Meta. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 2:**

All Documents and Communications Concerning any testing, evaluation, benchmark,

study, analysis, report, or comparison of the abilities or capabilities identified in Request No. I, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

**RESPONSE TO REQUEST NO. 2:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unduly burdensome insofar as it seeks "All Documents and Communications" concerning what is an unbounded and enormously broad topic (the testing, evaluation, benchmark, study, analysis, report, or comparison of the purported abilities of OpCo, LLC's models to generate, continue, summarize, transform, imitate, or reproduce literary content); it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 3:**

All Documents and Communications Concerning Your licensing and efforts to license books and other content for Al training.

**RESPONSE TO REQUEST NO. 3:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents characterized as concerning "licensing and efforts to license books and other content for AI training" that sweep broader than the scope of asserted works in this litigation; seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case; seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession,

custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

Subject to and without waiving its General Objections or the objections specified above, OpCo, LLC further responds as follows: OpCo, LLC will conduct a reasonable search for and produce final, executed data access agreements responsive to this Request from a reasonable period that OpCo, LLC previously produced *in In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW (S.D.N.Y.), unless a third party lodges an objection to production, in which case OpCo, LLC will identify the third party making the objection to Plaintiff for Plaintiff to discuss with the third party.

**REQUEST NO. 4:**

Documents and Communications sufficient to identify each torrenting application, torrent software version, implementation, library, and/or Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

**RESPONSE TO REQUEST NO. 4:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unbounded as to time;. This action concerns Defendant Meta's alleged torrenting conduct, and the Subpoena's own definition of "Torrent Client(s)" refers to software "that was used by Meta," creating a vague and improper request as applied to OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 5:**

All Documents and Communications, including configuration files, settings registries, and similar records, Concerning Your efforts to prevent, limit, or mitigate uploading, reuploading, seeding, peer exchange, leeching, or otherwise making Data available to other users during or after the Torrenting process, including by altering configurations and settings of Torrent Clients,

devices, servers, virtual machines, networks, cloud environments, or storage systems.

**RESPONSE TO REQUEST NO. 5:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

Additionally, Plaintiff's request improperly presumes that non-party OpCo, LLC engaged in the same torrenting conduct alleged only against Defendant Meta. The Subpoena's own definition of "Torrent Client(s)" refers to software "that was used by Meta," rendering the Request vague and improper as applied to OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 6:**

All expert reports, declarations, affidavits, analyses, rebuttal reports, supplemental and/or reply reports, demonstratives, testimony, exhibits, appendices, schedules, attachments, and other expert material prepared by, for, reviewed by, considered by, relied upon by, submitted by, or attributed to Barbara Frederiksen-Cross in *In Re: OpenAl, Inc. Copyright Infringement Litigation*, 1:25-md-03143, (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 6:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. The Request seeks the complete expert file of an expert retained by OpCo, LLC in separate litigation concerning OpCo, LLC's conduct, systems, data, and defenses. Ms. Frederiksen-Cross was retained to analyze

OpCo, LLC's conduct in separate litigation. She did not analyze Meta's conduct or systems. Plaintiff has identified no basis on which her OpCo, LLC-specific work bears on any claim or defense concerning Meta.

OpCo, LLC further objects to the Request's demand for every analysis and every item "prepared by," "prepared for," "reviewed by," or "attributed to" Ms. Frederiksen-Cross, which encompasses or may encompass counsel's mental impressions, litigation strategy, draft work, attorney-expert communications, and materials that were neither relied upon nor disclosed in the OpCo, LLC litigation. Draft expert reports and draft disclosures are protected under Federal Rule of Civil Procedure 26(b)(4)(B). Communications between Ms. Frederiksen-Cross and OpCo, LLC's counsel are protected under Rule 26(b)(4)(C), the attorney work-product doctrine, and, where applicable, the attorney-client privilege.

OpCo, LLC also objects because the Request seeks confidential expert materials, confidential technical information regarding OpCo, LLC's systems and operations, and discovery materials subject to protective orders and other confidentiality restrictions entered in separate litigation. Plaintiff may not compel OpCo, LLC to violate protective orders or confidentiality restrictions governing the litigation in which those materials were created, or use this Subpoena to evade the disclosure limitations applicable to protected expert materials. Plaintiff has demonstrated no relevance sufficient to justify the burden, confidentiality, and privilege concerns imposed on OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

Dated: August 26, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*

PAVEN MALHOTRA
EMILY L. WANG
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **August 26, 2026**, I served the following document(s):

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN CIVIL ACTION**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| ***Attorneys for Plaintiff*** | |
|---|---|
| Elizabeth Brannen<br>John Stokes<br>Lauren Martin<br>**STRIS & MAHER LLP**<br>17785 Center Court Dr. N.<br>Suite 600<br>Cerritos, CA 90703<br>(213) 995-6800<br>ebrannen@stris.com<br>jstokes@stris.com<br>lmartin@stris.com | Christopher M. Rigali *(pro hac vice)*<br>Jacqueline Sahlberg *(pro hac vice)*<br>**STRIS & MAHER LLP**<br>1601 K. Street NW<br>Suite 1050<br>Washington, DC 20006<br>(202) 800-5749<br>crigali@stris.com<br>jsahlberg@stris.com |
| Kyle Roche *(pro hac vice)*<br>Devin (Velvel) Freedman *(pro hac vice forthcoming)*<br>Alex Potter *(pro hac vice)*<br>**FREEDMAN NORMAND FRIEDLAND LLP**<br>155 E. 44th Street<br>Suite 915<br>New York, NY 10017<br>(646) 494-2900<br>kroche@fnf.law<br>vel@fnf.law<br>apotter@fnf.law | |
| ***Attorneys for Defendant Meta Platforms, Inc.*** | |
| Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>**DUNN ISAACSON RHEE LLP**<br>401 Ninth Street, N.W.<br>Washington, DC 20004<br>(202) 240-2900 | |

| | |
|---|---|
| jphillips@dirllp.com<br>kdunn@dirllp.com<br>ksmith@dirllp.com | |
| Bobby A. Ghajar<br>Kathleen R. Hartnett<br>**COOLEY LLP**<br>3 Embarcadero Center<br>20th Floor<br>San Francisco, CA 94111-4004<br>(415) 693-2071<br>bghajar@cooley.com<br>khartnett@cooley.com | Mark R. Weinstein<br>**COOLEY LLP**<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>650-843-5000<br>mweinstein@cooley.com |
| Angela Dunning<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>1841 Page Mill Road<br>Ste 250<br>Palo Alto, CA 94304-1248<br>650-815-4131<br>adunning@cgsh.com | |

Executed on **August 26, 2026**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Emily L. Wang*
Emily L. Wang

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Cognella, Inc.<br>*Plaintiff*<br>v.<br>Meta Platforms, Inc.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:26-cv-04053 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: OpenAI OpCo LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: San Francisco, CA | Date and Time: 08/28/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/17/2026

*CLERK OF COURT*

OR

/s/ Kyle W. Roche

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff

Kyle W. Roche, 155 E 44th Street, Suite 915 New York, NY 10017, who issues or requests this subpoena, are:

kroche@fnf.law, 646-494-2900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:26-cv-04053

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. These Requests seek information to support Plaintiff's claims as alleged in Plaintiff's Complaint in Cognella, Inc. v. Meta Platforms, Inc., Case No. 3:26-cv-04053-VC (N.D. Cal. 2026).

## DEFINITIONS

1. As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "BitTorrent" means the peer-to-peer file sharing protocol of the same name, as originally specified in https://bittorrent.org/beps/bep_0003.html, and implemented by software such as LibTorrent.

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiff's Complaint. ECF No. 1.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7. "Data" means content, files, information, metadata, software, or any other digital material including Documents, including copies and backups of any of the foregoing digital material, whether in custodial or non-custodial sources.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;
- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Online Database(s)" means the type of databases described in the Complaint—online databases with copyrighted material or books including but not limited to Books3, b3g, Z-Library (aka B-ok), Library Genesis (aka LibGen), Bibliotik, Anna's Archive, Internet Archive, DuXiu, The Pile, and WeLib. The term encompasses all versions, updates, augmentations, or modifications of such databases, and the distribution, provision, or sharing of copyrighted material or books by other users, or peers, via the torrent protocol or network.

11. "Relevant Period" means January 1, 2019 to the present.

12. "Torrent," "Torrented," and "Torrenting" mean peer-to-peer file sharing, including the use of Torrent Client(s), in which users download and/or upload pieces of digital files from and/or to multiple different users (peers) in a network simultaneously.

13. "Torrent Client(s)" means a network or application, including but not limited to implementations of the BitTorrent protocol, designed for sharing digital data and that was used by Meta to obtain data from any Online Database.

14. "Torrented Data" means Data acquired via Torrenting of Online Databases.

15. "You" or "Your" refers to OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC, or entities, agents, or individuals under the employ of or otherwise controlled by, or entities owned in whole or in part by OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC.

**INSTRUCTIONS**

1. Please separately respond to each item by stating (a) you will produce, (b) you are presently unable to produce, or (c) you object to production.

2. These Requests for Productions should be deemed continuing such that if You subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, and supplemental productions should be provided as additional documents become available.

3. If You claim You are unable to produce a Document, you must state whether that inability is because the Document never existed; has been destroyed, lost, misplaced or stolen; or has never been or is no longer in your possession, custody or control. Such a statement must further set forth the name and address of any person or entity that you know or believe to have possession, custody or control of that item or category of item. If any Document responsive to a request has been destroyed, produce all documents describing or referencing: (1) the contents of the lost or destroyed document; (2) all locations in which any copy of the lost or destroyed Document had been maintained; (3) the date of any such loss or destruction to the extent known; (4) the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed Document; (5) all document retention and destruction policies in effect at the time any requested Document was destroyed; and (6) all efforts made to locate any responsive Document alleged to have been lost or destroyed.

4. If You object to any item or category of item, Your response shall (a) identify with particularity each document or thing to which the objection is made and (b) set forth clearly the extent of, and specific ground for, the objection; and You should respond to the Request to the extent it is not objectionable.

5. If You object that a Document is covered by the attorney-client or other privilege, or is work-product, You shall provide a Privilege Log containing: (1) the name of the Document; (2) the name and address of the person(s) who prepared it; (3) the person(s) to whom it was directed or circulated; (4) the date on which the Document was prepared or transmitted; (5) the name and address of the person(s) now in possession of the Document; (6) the description of the subject matter of the Document; and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information).

## REQUESTS FOR PRODUCTION

1. All Documents and Communications Concerning the ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

2. All Documents and Communications Concerning any testing, evaluation, benchmark, study, analysis, report, or comparison of the abilities or capabilities identified in Request No. 1, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

3. All Documents and Communications Concerning Your licensing and efforts to license books and other content for AI training.

4. Documents and Communications sufficient to identify each torrenting application, torrent software version, implementation, library, and/or Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

5. All Documents and Communications, including configuration files, settings registries, and similar records, Concerning Your efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, leeching, or otherwise making Data available to other users during or after the Torrenting process, including by altering configurations and settings of Torrent Clients, devices, servers, virtual machines, networks, cloud environments, or storage systems.

6. All expert reports, declarations, affidavits, analyses, rebuttal reports, supplemental and/or reply reports, demonstratives, testimony, exhibits, appendices, schedules, attachments, and other expert material prepared by, for, reviewed by, considered by, relied upon by, submitted by, or attributed to Barbara Frederiksen-Cross in *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143, (S.D.N.Y.).

# CERTIFICATE OF SERVICE

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Cognella, Inc. v. Meta Platforms, Inc.*

**CASE NUMBER: 3:26-cv-04053-VC**

I, the undersigned, am employed by Freedman Normand Friedland LLP. My business address is 155 E. 44th St., Suite 915 New York, NY 10017. I am over the age of eighteen and not a party to this action.

On August 17, 2026, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF'S NOTICE OF SUBPOENA AND SUBPOENA TO OPENAI**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 17, 2026

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Kyle Roche*
Kyle Roche

## SERVICE LIST

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
EMILY L. WANG - # 345438
ewang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
Attorneys for Non-Party OPENAI OPCO, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cognella, Inc.,<br><br>Plaintiff,<br><br>*v.*<br><br>Meta Platforms, Inc.,<br><br>Defendant. | Case No. 3:26-CV-04053-VC<br><br>**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION** |

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party OpenAI OpCo, LLC ("OpCo, LLC") hereby objects and responds to Plaintiff's Subpoena to Produce Documents in a Civil Action ("Subpoena").

## INTRODUCTORY RESPONSE

OpCo, LLC responds to the Requests based on the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. OpCo, LLC responds to the Requests as it interprets and understands each Request set forth herein. If Plaintiff subsequently asserts an interpretation of any of the Requests that differs from OpCo, LLC's understanding, OpCo, LLC reserves the right to supplement its objections and/or responses.

OpCo, LLC's willingness to respond to any particular Request does not constitute an admission that OpCo, LLC agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpCo, LLC that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that OpCo, LLC knows any such document exists or is in its possession, custody, or control.

OpCo, LLC's responses to the Requests may contain, provide, or refer to information that is protected under the Stipulated Protective Order entered in this matter on May 27, 2026, and should therefore be treated accordingly.

OpCo, LLC's investigation of the facts is ongoing. OpCo, LLC's responses to the Requests are therefore made without prejudice to OpCo, LLC's right to amend, correct or supplement its responses to the Requests.

## GENERAL OBJECTIONS

1. OpCo, LLC objects to the Subpoena as failing to provide a reasonable time for compliance, particularly given the ambiguity concerning the recipient, the breadth of the requests,

the number of entities purportedly covered, the volume and sensitivity of the information sought, and the review required by privileges, court orders, contractual confidentiality obligations, and third-party designations. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

2. OpCo, LLC objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a. call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

b. are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c. require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

d. purport to require the disclosure of information already in the possession of Plaintiff, available from public sources, as accessible to Plaintiff as to OpCo, LLC, or obtainable from another source that is more convenient, less burdensome or less expensive. OpCo, LLC provides these responses with the understanding that Plaintiff already has access to such sources;

e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. OpCo, LLC will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules;

f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpCo, LLC's possession, custody, or control. OpCo, LLC will only provide relevant, non-privileged information, if any, that is within OpCo, LLC's present possession, custody, or control and available after a reasonable investigation;

g. imprecisely specify the information sought. Where imprecise terms are used, OpCo, LLC will, therefore, provide only information that is responsive to the Request based on OpCo, LLC's interpretation of the Request;

h. seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i. are not limited to a reasonable time period. OpCo, LLC will produce documents, if any, from a reasonable time period as it relates to the case;

j. purport to impose a duty on OpCo, LLC to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k. seek discovery in violation of any applicable law;

l. are premature and require the disclosure of expert discovery, opinions or analysis;

m. seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpCo, LLC and a third party, or the subject of a non-disclosure/confidentiality agreement between OpCo, LLC and a third party. OpCo, LLC will produce third-party confidential documents, if any, subject to, at a minimum, the terms of the Stipulated Protective Order entered by the Court on May 27, 2026; or

n. seek information that is more efficiently or appropriately obtained through some other form of discovery.

3. OpCo, LLC reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4. Where a Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

5. OpCo, LLC objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpCo, LLC. OpCo, LLC will produce confidential documents, if any, as set forth herein, subject to, at a minimum, the terms of the Stipulated Protective Order entered in this matter on May 27, 2026.

6. OpCo, LLC objects to the instruction that purports to require OpCo, LLC to provide a privilege log containing: (1) the name of the document, (2) the name and address of the person(s) who prepared it, (3) the person(s) to whom it was directed or circulated, (4) the date on which the Document was prepared or transmitted, (5) the name and address of the person(s) now in possession of the Document, (6) the description of the subject matter of the Document, and (7) the specific nature of the privilege claimed, including the reasons and each and every fact supporting the withholding, and legal basis sufficient to determine whether the claim of privilege is valid with respect to the Document (without revealing privileged information). If necessary, OpCo, LLC will provide a privilege log containing information subject to the terms of an ESI protocol to be agreed upon by the parties.

7. OpCo, LLC objects to the instruction that purports to require OpCo, LLC to produce documents describing or referencing the contents of lost or destroyed documents, the locations in which a copy of the lost or destroyed documents had been maintained, the date of any such destruction, the name of each person who ordered, authorized and carried out the destruction of any lost or destroyed documents, all document retention and destruction policies in effect at the time any requested documents were destroyed, and all efforts made to locate responsive documents alleged to have been lost or destroyed. OpCo, LLC will not produce such documents, as the requests to do so are unreasonably burdensome and not proportional to the needs of this case.

8. OpCo, LLC objects to Plaintiff's definition of "Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks communications "of any kind."

9. OpCo, LLC objects to Plaintiff's definition of "Data" as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it encompasses "content,

files, information, metadata, software, or any other digital material including Documents, including copies and backups, whether in custodial or non-custodial sources."

10. OpCo, LLC objects to Plaintiff's definition of "Online Database(s)" as vague, ambiguous, argumentative, and not proportional to the needs of the case insofar as it improperly presumes the contents of the repositories and lists specific databases in the context of allegations directed at Defendant Meta. Moreover, the definition is overbroad and encompasses a wide and nonexclusive collection of repositories, all versions and modifications of those sources, and unspecified similar repositories.

11. OpCo, LLC objects to Plaintiff's definition of the "Relevant Period" (January 1, 2019, to the present) as overly broad and unduly burdensome insofar as it spans more than seven years and is not bounded to a reasonable time period proportional to the needs of this case, consistent with General Objection No. 2(i).

12. OpCo, LLC objects to Plaintiff's definition of "Torrent Client(s)" as vague, ambiguous, and not proportional to the needs of this case. The definition itself refers to software "that was used by Meta to obtain data from any Online Database," improperly presuming that non-party OpCo, LLC engaged in the same torrenting conduct alleged only against Defendant Meta.

13. OpCo, LLC objects to Plaintiff's definition of "You" or "Your" as overly broad, unduly burdensome, and exceeding the permissible scope of a Rule 45 subpoena directed at a non-party insofar as it sweeps in numerous affiliated entities—including "OAI Corporation, LLC," "OpenAI GP, LLC," "OpenAI Global LLC," "OpenAI Holdings, LLC," "OpenAI LLC," "OpenAI LP," "OpenAI, Inc.," "OpenAI Startup Fund GP I LLC," "OpenAI Startup Fund I LP," "OpenAI Startup Fund Management LLC," "OpenAI Group PBC," and unspecified "entities, agents, or individuals under the employ of or otherwise controlled by" any of the foregoing—beyond OpenAI OpCo, LLC, the entity on whose behalf these objections are submitted.

14. Without waiving the foregoing General Objections but in express reliance thereon, OpCo, LLC incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**

All Documents and Communications Concerning the ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

**RESPONSE TO REQUEST NO. 1:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unduly burdensome insofar as it seeks "All Documents and Communications" concerning what is an unbounded and enormously broad topic (the ability of OpCo, LLC's artificial-intelligence models to generate, continue, summarize, transform, imitate, or reproduce literary content); it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

The Request is not limited to any identified model, model version, or asserted work. The Request facially encompasses every document and communication concerning virtually every OpCo, LLC language model, including unreleased models and capabilities having no conceivable relationship to Meta or to Plaintiff's claims against Meta. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 2:**

All Documents and Communications Concerning any testing, evaluation, benchmark,

study, analysis, report, or comparison of the abilities or capabilities identified in Request No. I, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

**RESPONSE TO REQUEST NO. 2:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unduly burdensome insofar as it seeks "All Documents and Communications" concerning what is an unbounded and enormously broad topic (the testing, evaluation, benchmark, study, analysis, report, or comparison of the purported abilities of OpCo, LLC's models to generate, continue, summarize, transform, imitate, or reproduce literary content); it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 3:**

All Documents and Communications Concerning Your licensing and efforts to license books and other content for Al training.

**RESPONSE TO REQUEST NO. 3:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents characterized as concerning "licensing and efforts to license books and other content for AI training" that sweep broader than the scope of asserted works in this litigation; seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case; seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession,

custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

Subject to and without waiving its General Objections or the objections specified above, OpCo, LLC further responds as follows: OpCo, LLC will conduct a reasonable search for and produce final, executed data access agreements responsive to this Request from a reasonable period that OpCo, LLC previously produced *in In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW (S.D.N.Y.), unless a third party lodges an objection to production, in which case OpCo, LLC will identify the third party making the objection to Plaintiff for Plaintiff to discuss with the third party.

**REQUEST NO. 4:**

Documents and Communications sufficient to identify each torrenting application, torrent software version, implementation, library, and/or Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

**RESPONSE TO REQUEST NO. 4:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it is unbounded as to time;. This action concerns Defendant Meta's alleged torrenting conduct, and the Subpoena's own definition of "Torrent Client(s)" refers to software "that was used by Meta," creating a vague and improper request as applied to OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 5:**

All Documents and Communications, including configuration files, settings registries, and similar records, Concerning Your efforts to prevent, limit, or mitigate uploading, reuploading, seeding, peer exchange, leeching, or otherwise making Data available to other users during or after the Torrenting process, including by altering configurations and settings of Torrent Clients,

devices, servers, virtual machines, networks, cloud environments, or storage systems.

**RESPONSE TO REQUEST NO. 5:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case; it seeks materials that sweep broader than the scope of asserted works in this litigation; it seeks "All Documents and Communications," including documents outside of OpCo, LLC's possession, custody, or control; it imposes undue burden insofar as it necessitates third-party disclosure obligations and notifications; it is unbounded as to time; and it calls for the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges or protections.

Additionally, Plaintiff's request improperly presumes that non-party OpCo, LLC engaged in the same torrenting conduct alleged only against Defendant Meta. The Subpoena's own definition of "Torrent Client(s)" refers to software "that was used by Meta," rendering the Request vague and improper as applied to OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

**REQUEST NO. 6:**

All expert reports, declarations, affidavits, analyses, rebuttal reports, supplemental and/or reply reports, demonstratives, testimony, exhibits, appendices, schedules, attachments, and other expert material prepared by, for, reviewed by, considered by, relied upon by, submitted by, or attributed to Barbara Frederiksen-Cross in *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03143, (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 6:**

OpCo, LLC incorporates its General Objections, and further responds as follows: OpCo, LLC objects to production because Plaintiff's request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. The Request seeks the complete expert file of an expert retained by OpCo, LLC in separate litigation concerning OpCo, LLC's conduct, systems, data, and defenses. Ms. Frederiksen-Cross was retained to analyze

OpCo, LLC's conduct in separate litigation. She did not analyze Meta's conduct or systems. Plaintiff has identified no basis on which her OpCo, LLC-specific work bears on any claim or defense concerning Meta.

OpCo, LLC further objects to the Request's demand for every analysis and every item "prepared by," "prepared for," "reviewed by," or "attributed to" Ms. Frederiksen-Cross, which encompasses or may encompass counsel's mental impressions, litigation strategy, draft work, attorney-expert communications, and materials that were neither relied upon nor disclosed in the OpCo, LLC litigation. Draft expert reports and draft disclosures are protected under Federal Rule of Civil Procedure 26(b)(4)(B). Communications between Ms. Frederiksen-Cross and OpCo, LLC's counsel are protected under Rule 26(b)(4)(C), the attorney work-product doctrine, and, where applicable, the attorney-client privilege.

OpCo, LLC also objects because the Request seeks confidential expert materials, confidential technical information regarding OpCo, LLC's systems and operations, and discovery materials subject to protective orders and other confidentiality restrictions entered in separate litigation. Plaintiff may not compel OpCo, LLC to violate protective orders or confidentiality restrictions governing the litigation in which those materials were created, or use this Subpoena to evade the disclosure limitations applicable to protected expert materials. Plaintiff has demonstrated no relevance sufficient to justify the burden, confidentiality, and privilege concerns imposed on OpCo, LLC. OpCo, LLC will not produce documents in response to this Request.

Dated: August 26, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*

PAVEN MALHOTRA
EMILY L. WANG
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **August 26, 2026**, I served the following document(s):

**NON-PARTY OPENAI OPCO, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS IN CIVIL ACTION**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| ***Attorneys for Plaintiff*** | |
|---|---|
| Elizabeth Brannen<br>John Stokes<br>Lauren Martin<br>**STRIS & MAHER LLP**<br>17785 Center Court Dr. N.<br>Suite 600<br>Cerritos, CA 90703<br>(213) 995-6800<br>ebrannen@stris.com<br>jstokes@stris.com<br>lmartin@stris.com | Christopher M. Rigali *(pro hac vice)*<br>Jacqueline Sahlberg *(pro hac vice)*<br>**STRIS & MAHER LLP**<br>1601 K. Street NW<br>Suite 1050<br>Washington, DC 20006<br>(202) 800-5749<br>crigali@stris.com<br>jsahlberg@stris.com |
| Kyle Roche *(pro hac vice)*<br>Devin (Velvel) Freedman *(pro hac vice forthcoming)*<br>Alex Potter *(pro hac vice)*<br>**FREEDMAN NORMAND FRIEDLAND LLP**<br>155 E. 44th Street<br>Suite 915<br>New York, NY 10017<br>(646) 494-2900<br>kroche@fnf.law<br>vel@fnf.law<br>apotter@fnf.law | |
| ***Attorneys for Defendant Meta Platforms, Inc.*** | |
| Jessica E Phillips<br>Karen Leah Dunn<br>Kyle N. Smith<br>**DUNN ISAACSON RHEE LLP**<br>401 Ninth Street, N.W.<br>Washington, DC 20004<br>(202) 240-2900 | |

| | |
|---|---|
| jphillips@dirllp.com<br>kdunn@dirllp.com<br>ksmith@dirllp.com | |
| Bobby A. Ghajar<br>Kathleen R. Hartnett<br>**COOLEY LLP**<br>3 Embarcadero Center<br>20th Floor<br>San Francisco, CA 94111-4004<br>(415) 693-2071<br>bghajar@cooley.com<br>khartnett@cooley.com | Mark R. Weinstein<br>**COOLEY LLP**<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>650-843-5000<br>mweinstein@cooley.com |
| Angela Dunning<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>1841 Page Mill Road<br>Ste 250<br>Palo Alto, CA 94304-1248<br>650-815-4131<br>adunning@cgsh.com | |

Executed on **August 26, 2026**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Emily L. Wang*
Emily L. Wang

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Chicken Soup for the Soul, LLC
*Plaintiff*
v.
Meta Platforms, Inc.
*Defendant*

Civil Action No. 3:26-cv-02333-VC

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: OpenAI OpCo LLC

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A

| Place: Hyatt Regency, 5 Embarcadero Ctr, San Francisco, CA 94111 | Date and Time: 08/25/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and audiovisual means

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/07/2026

*CLERK OF COURT*

OR

Kyle W. Roche

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Chicken Soup for the Soul LLC, who issues or requests this subpoena, are:

Kyle W. Roche, 155 E 44th Street, Suite 915 New York, NY 10017, kroche@fnf.law, 646-494-2900

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:26-cv-02333-VC

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the following are the matters for examination (the "Topics") on which Plaintiff will examine the representative(s) designated by OpenAI OpCo LLC ("OpenAI") to testify on its behalf. These Topics seek testimony to support Plaintiff's claims as alleged in Plaintiff's Amended Complaint in Chicken Soup for the Soul, LLC v. Meta Platforms Inc., Case No. 3:26-cv-02333-VC (N.D. Cal. 2026).

## DEFINITIONS

1. As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "BitTorrent" means the peer-to-peer file sharing protocol of the same name, as originally specified in https://bittorrent.org/beps/bep_0003.html, and implemented by software such as LibTorrent.

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time of this deposition. At the time of service, the currently operative Complaint is Plaintiff's Amended Complaint. ECF No. 63.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the topic in which the term appears.

7. "Data" means content, files, information, metadata, software, or any other digital material including Documents, including copies and backups of any of the foregoing digital material, whether in custodial or non-custodial sources.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;

- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a topic or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Online Database(s)" means the type of databases described in the Complaint—online databases with copyrighted material or books including but not limited to Books3, b3g, Z-Library (aka B-ok), Library Genesis (aka LibGen), Bibliotik, Anna's Archive, Internet Archive, DuXiu, The Pile, and WeLib. The term encompasses all versions, updates, augmentations, or modifications of such databases, and the distribution, provision, or sharing of copyrighted material or books by other users, or peers, via the torrent protocol or network.

11. "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

12. "Torrent," "Torrented," and "Torrenting" mean peer-to-peer file sharing, including the use of Torrent Client(s), in which users download and/or upload pieces of digital files from and/or to multiple different users (peers) in a network simultaneously.

13. "Torrent Client(s)" means a network or application, including but not limited to implementations of the BitTorrent protocol, designed for sharing digital data and that was used by Meta to obtain data from any Online Database.

14. "Torrented Data" means Data acquired via Torrenting of Online Databases.

15. "You" or "Your" refers to OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC, or entities, agents, or individuals under the employ of or otherwise controlled by, or entities owned in whole or in part by OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC.

**INSTRUCTIONS**

1. OpenAI must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each Topic set forth below, and must prepare each designee to provide complete and binding testimony as to information known or reasonably available to OpenAI concerning the designated Topic(s).

2. Before or promptly after service, the parties shall confer in good faith regarding these Topics. Plaintiff will meet and confer with OpenAI in an effort to reach agreement on the Topics, the identity and number of designees, and the date, time, and location (or remote means) of the deposition.

3. The designation of a witness for a given Topic constitutes a representation that the witness is prepared to provide testimony binding on OpenAI as to that Topic. If no witness with knowledge of a Topic is reasonably available, OpenAI shall so state and identify any person or entity it knows or believes to have such knowledge.

4. If OpenAI objects to any Topic, its objection shall (a) identify with particularity the portion of the Topic to which the objection is directed and (b) set forth clearly the extent of, and specific ground for, the objection; and OpenAI shall designate and prepare a witness to testify as to each Topic, or portion thereof, that is not objectionable.

5. To the extent OpenAI contends that any Topic calls for testimony protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection,

it shall state the basis for withholding such testimony with sufficient specificity to permit Plaintiff and the Court to assess the claim, without revealing privileged information.

**MATTERS FOR EXAMINATION**

1. The ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

2. Any testing, evaluation, benchmark, study, analysis, report, or comparison of the abilities or capabilities identified in Topic No. 1, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

3. Your efforts to license books and other content for AI training.

4. The identity, versions, configuration, and settings of each Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

5. Your efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, or otherwise making Data available to other users during or after the Torrenting process.

# CERTIFICATE OF SERVICE

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*

**CASE NUMBER: 3:26-cv-02333-VC**

I, the undersigned, am employed by Freedman Normand Friedland LLP. My business address is 155 E. 44th St., Suite 915 New York, NY 10017. I am over the age of eighteen and not a party to this action.

On August 7, 2026, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF'S NOTICE OF DEPOSITION OF OPENAI**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 7, 2026

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Kyle Roche*
Kyle Roche

**SERVICE LIST**

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Cognella, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:26-cv-04053-VC |
| Meta Platforms, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: OpenAI OpCo LLC

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A

| Place: | Date and Time: |
|---|---|
| Hyatt Regency, 5 Embarcadero Ctr, San Francisco, CA 94111 | 09/03/2026 9:00 am |

The deposition will be recorded by this method: Stenographic and audiovisual means

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/17/2026

*CLERK OF COURT*

OR

/s/ Kyle Roche

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff , who issues or requests this subpoena, are:

Kyle W. Roche, 155 E. 44th Street, Suite 915, New York, New York 10017, kroche@fnf.law, (646) 494-290

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:26-cv-04053-VC

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the following are the matters for examination (the "Topics") on which Plaintiff will examine the representative(s) designated by OpenAI to testify on its behalf. These Topics seek testimony to support Plaintiff's claims as alleged in Plaintiff's Complaint in Cognella, Inc. v. Meta Platforms, Inc., Case No. 3:26-cv-04053-VC (N.D. Cal. 2026).

## DEFINITIONS

1. As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "BitTorrent" means the peer-to-peer file sharing protocol of the same name, as originally specified in https://bittorrent.org/beps/bep_0003.html, and implemented by software such as LibTorrent.

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time of this deposition. At the time of service, the currently operative Complaint is Plaintiff's Complaint. ECF No. 1.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7. "Data" means content, files, information, metadata, software, or any other digital material including Documents, including copies and backups of any of the foregoing digital material, whether in custodial or non-custodial sources.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;
- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Online Database(s)" means the type of databases described in the Complaint—online databases with copyrighted material or books including but not limited to Books3, b3g, Z-Library (aka B-ok), Library Genesis (aka LibGen), Bibliotik, Anna's Archive, Internet Archive, DuXiu, The Pile, and WeLib. The term encompasses all versions, updates, augmentations, or modifications of such databases, and the distribution, provision, or sharing of copyrighted material or books by other users, or peers, via the torrent protocol or network.

11. "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

12. "Torrent," "Torrented," and "Torrenting" mean peer-to-peer file sharing, including the use of Torrent Client(s), in which users download and/or upload pieces of digital files from and/or to multiple different users (peers) in a network simultaneously.

13. "Torrent Client(s)" means a network or application, including but not limited to implementations of the BitTorrent protocol, designed for sharing digital data and that was used by Meta to obtain data from any Online Database.

14. "Torrented Data" means Data acquired via Torrenting of Online Databases.

15. "You" or "Your" refers to OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC, or entities, agents, or individuals under the employ of or otherwise controlled by, or entities owned in whole or in part by OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC.

**INSTRUCTIONS**

1. OpenAI must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each Topic set forth below, and must prepare each designee to provide complete and binding testimony as to information known or reasonably available to OpenAI concerning the designated Topic(s).

2. Before or promptly after service, the parties shall confer in good faith regarding these Topics. Plaintiff will meet and confer with OpenAI in an effort to reach agreement on the Topics, the identity and number of designees, and the date, time, and location (or remote means) of the deposition.

3. The designation of a witness for a given Topic constitutes a representation that the witness is prepared to provide testimony binding on OpenAI as to that Topic. If no witness with knowledge of a Topic is reasonably available, OpenAI shall so state and identify any person or entity it knows or believes to have such knowledge.

4. If OpenAI objects to any Topic, its objection shall (a) identify with particularity the portion of the Topic to which the objection is directed and (b) set forth clearly the extent of, and specific ground for, the objection; and OpenAI shall designate and prepare a witness to testify as to each Topic, or portion thereof, that is not objectionable.

5. To the extent OpenAI contends that any Topic calls for testimony protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection,

it shall state the basis for withholding such testimony with sufficient specificity to permit Plaintiff and the Court to assess the claim, without revealing privileged information.

**MATTERS FOR EXAMINATION**

1. The ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

2. Any testing, evaluation, benchmark, study, analysis, report, or comparison of the abilities or capabilities identified in Request No. 1, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

3. Your efforts to license books and other content for AI training.

4. The identity, versions, configuration, and settings of each Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

5. Your efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, or otherwise making Data available to other users during or after the Torrenting process.

**CERTIFICATE OF SERVICE**

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Cognella, Inc. v. Meta Platforms, Inc.*

**CASE NUMBER: 3:26-cv-04053-VC**

I, the undersigned, am employed by Freedman Normand Friedland LLP. My business address is 155 E. 44th St., Suite 915 New York, NY 10017. I am over the age of eighteen and not a party to this action.

On August 17, 2026, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF'S NOTICE OF DEPOSITION OF OPENAI OPCO LLC**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 17, 2026

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Kyle Roche*
Kyle Roche

## SERVICE LIST

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Cambronne, Inc., et al.<br>*Plaintiff*<br>v.<br>Meta Platforms, Inc.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:26-cv-03725-VC |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: OpenAI OpCo LLC

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A

| Place: | Date and Time: |
|---|---|
| Hyatt Regency, 5 Embarcadero Ctr, San Francisco, CA 94111 | 09/03/2026 9:00 am |

The deposition will be recorded by this method: Stenographic and audiovisual means

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/17/2026

*CLERK OF COURT*

OR

/s/ Kyle Roche

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff , who issues or requests this subpoena, are:

Kyle W. Roche, 155 E. 44th Street, Suite 915, New York, New York 10017, kroche@fnf.law, (646) 494-290

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:26-cv-03725-VC

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________________

______________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the following are the matters for examination (the "Topics") on which Plaintiffs will examine the representative(s) designated by OpenAI to testify on its behalf. These Topics seek testimony to support Plaintiffs' claims as alleged in Plaintiffs' Second Amended Complaint in Cambronne, Inc., et al. v. Meta Platforms, Inc., Case No. 3:26-cv-03725-VC (N.D. Cal. 2026).

## DEFINITIONS

1. As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

2. "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. "BitTorrent" means the peer-to-peer file sharing protocol of the same name, as originally specified in https://bittorrent.org/beps/bep_0003.html, and implemented by software such as LibTorrent.

4. "Communications" means oral or written communications of any kind, communicated directly or indirectly, including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "Complaint" refers to the operative complaint at the time of this deposition. At the time of service, the currently operative Complaint is Plaintiffs' Second Amended Complaint. ECF No. 192.

6. "Concerning," whether capitalized or not, refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

7. "Data" means content, files, information, metadata, software, or any other digital material including Documents, including copies and backups of any of the foregoing digital material, whether in custodial or non-custodial sources.

8. "Document" is used in its broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, any writings, drawings, graphs, handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

This includes:

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;
- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer (whether or not ever

printed out or displayed), and All drafts, alterations, modifications, changes or amendments of any of the foregoing;

- Graphic or aural representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts and motion pictures;
- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" (such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

9. "Including" and "Includes," whether capitalized or not, are used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "including" and "includes" shall be construed as if followed by the phrase "but not limited to."

10. "Online Database(s)" means the type of databases described in the Complaint—online databases with copyrighted material or books including but not limited to Books3, b3g, Z-Library (aka B-ok), Library Genesis (aka LibGen), Bibliotik, Anna's Archive, Internet Archive, DuXiu, The Pile, and WeLib. The term encompasses all versions, updates, augmentations, or modifications of such databases, and the distribution, provision, or sharing of copyrighted material or books by other users, or peers, via the torrent protocol or network.

11. "Relevant Period" includes and encompasses all times relevant to the acts and failures to act which are relevant to the Complaint.

12. "Torrent," "Torrented," and "Torrenting" mean peer-to-peer file sharing, including the use of Torrent Client(s), in which users download and/or upload pieces of digital files from and/or to multiple different users (peers) in a network simultaneously.

13. "Torrent Client(s)" means a network or application, including but not limited to implementations of the BitTorrent protocol, designed for sharing digital data and that was used by Meta to obtain data from any Online Database.

14. "Torrented Data" means Data acquired via Torrenting of Online Databases.

15. "You" or "Your" refers to OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC, or entities, agents, or individuals under the employ of or otherwise controlled by, or entities owned in whole or in part by OAI Corporation, LLC, OpenAI GP, LLC, OpenAI Global LLC, OpenAI Holdings, LLC, OpenAI LLC, OpenAI LP, OpenAI OpCo LLC, OpenAI, Inc., OpenAI Startup Fund GP I LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund Management LLC, OpenAI Group PBC.

## INSTRUCTIONS

1. OpenAI must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each Topic set forth below, and must prepare each designee to provide complete and binding testimony as to information known or reasonably available to OpenAI concerning the designated Topic(s).

2. Before or promptly after service, the parties shall confer in good faith regarding these Topics. Plaintiffs will meet and confer with OpenAI in an effort to reach agreement on the Topics, the identity and number of designees, and the date, time, and location (or remote means) of the deposition.

3. The designation of a witness for a given Topic constitutes a representation that the witness is prepared to provide testimony binding on OpenAI as to that Topic. If no witness with knowledge of a Topic is reasonably available, OpenAI shall so state and identify any person or entity it knows or believes to have such knowledge.

4. If OpenAI objects to any Topic, its objection shall (a) identify with particularity the portion of the Topic to which the objection is directed and (b) set forth clearly the extent of, and

specific ground for, the objection; and OpenAI shall designate and prepare a witness to testify as to each Topic, or portion thereof, that is not objectionable.

5. To the extent OpenAI contends that any Topic calls for testimony protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, it shall state the basis for withholding such testimony with sufficient specificity to permit Plaintiffs and the Court to assess the claim, without revealing privileged information.

**MATTERS FOR EXAMINATION**

1. The ability or capability of any of Your artificial-intelligence models, including any version of ChatGPT, to generate, continue, summarize, transform, imitate, or reproduce literary content of different types or forms, including fiction (including novels and genre fiction), nonfiction (including biographies, memoirs, essays, and journalism), short-form works (including short stories and articles), textbooks, academic or educational works, reference works, poetry, drama, and instructional or technical works.

2. Any testing, evaluation, benchmark, study, analysis, report, or comparison of the abilities or capabilities identified in Request No. 1, including assessments of output length, quality, coherence, creativity, factual accuracy, genre or style fidelity, similarity to existing works or authors, and the extent to which model-generated output may substitute for or compete with human-authored works.

3. Your efforts to license books and other content for AI training.

4. The identity, versions, configuration, and settings of each Torrent Client You used to obtain Data from Online Databases from January 1, 2019 to the present.

5. Your efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, or otherwise making Data available to other users during or after the Torrenting process.

# CERTIFICATE OF SERVICE

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Cambronne, Inc., et al. v. Meta Platforms, Inc.*

**CASE NUMBER: 3:26-cv-03725-VC**

I, the undersigned, am employed by Freedman Normand Friedland LLP. My business address is 155 E. 44th St., Suite 915 New York, NY 10017. I am over the age of eighteen and not a party to this action.

On August 17, 2026, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFFS' NOTICE OF DEPOSITION OF OPENAI OPCO LLC**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 17, 2026

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Kyle Roche*
Kyle Roche

## SERVICE LIST

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*