Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
**STRIS & MAHER LLP**
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

*Counsel for Plaintiff*

Kyle W. Roche (*pro hac vice*)
kroche@fnf.law
Devin (Velvel) Freedman
(*pro hac vice forthcoming*)
kroche@fnf.law
vel@fnf.law
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-02333-VC<br>**PLAINTIFFS' DISCOVERY STATUS REPORT**<br>Trial Date: May 24, 2027<br>Date Action Filed: March 17, 2026 |
| COGNELLA, INC.,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-04053-VC<br>Trial Date: May 24, 2027<br>Date Action Filed: May 4, 2026 |
| CAMBRONNE, INC. ET AL.,<br>Plaintiffs,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-03725-VC<br>Trial Date: May 24, 2027<br>Date Action Filed: December 22, 2025 |

Plaintiffs Cognella, Inc. ("Cognella"), Chicken Soup for the Soul, LLC ("Chicken Soup"), and the Cambronne Plaintiffs (collectively, the "Three Cs") respectfully submit this discovery status report pursuant to the Court's August 19, 2026 order. *See Chicken Soup for the Soul*, ECF No. 115. Fact discovery closes September 4, 2026, and opening expert reports are due September 18, 2026. Six matters warrant the Court's attention: (I) Plaintiffs' forthcoming motion to compel Meta's interrogatory responses; (II) Plaintiffs' joint letter briefs concerning subpoenas to non-parties Anthropic PBC and OpenAI OpCo LLC; (III) Plaintiffs' continuing efforts to serve Stephen Roller; (IV) Meta's clawback of two produced documents, including a deposition exhibit on which its witness was examined without objection; and (V) the status of Plaintiffs' own productions.

## I. PLAINTIFFS' MOTION TO COMPEL META'S INTERROGATORY RESPONSES

Plaintiffs provided Meta their portion of a joint letter brief moving to compel complete responses to Plaintiffs' First Set of Interrogatories on September 1, 2026. Plaintiffs have requested that Meta provide its portion by 10:30 PT on September 2, 2026. Plaintiff intends to file the motion on September 2, 2026 or as soon as reasonably practical after receipt of Meta's portion of the letter, but no later than September 4, 2026.

The Three Cs served eight interrogatories on May 21, 2026—the first day discovery could be served in these actions. They ask the threshold questions in the case: which of Plaintiffs' works Meta copied, from where, on how many occasions, and what Meta did with the copies. Meta represented in open court on May 22, 2026 that it would be forthcoming with this information. Plaintiffs identified the deficiencies in Meta's responses by letter on June 30, 2026, and conferred telephonically on July 8, July 23, and—for an hour—on August 26, 2026. The supplemental responses provided by Meta on August 25, 2026 did not resolve the disputes. Six days before the close of fact discovery, Meta produced a table listing works it admits copying and a second table stating that it "acquired" Plaintiffs' works to train its Muse Spark LLM. Those are bare lists: they state no dates of acquisition, no number of copies, and nothing about what Meta did with the works. Plaintiffs will ask the Court to compel complete responses to Interrogatory Nos. 2 and 3 through 7 and to overrule Meta's definitional objections and its unilateral narrowing of Plaintiffs' defined terms.

## II. JOINT LETTER BRIEFS CONCERNING SUBPOENAS TO ANTHROPIC AND OPENAI

Plaintiffs filed separate joint letter briefs today seeking to compel non-parties Anthropic PBC and OpenAI OpCo LLC to comply with subpoenas served in these actions. Plaintiffs met and conferred with each non-party, including on August 17, 2026, but the disputes remain unresolved. Prompt resolution is necessary because Plaintiffs' experts intend to rely on the requested information in preparing their opening reports, which are due September 18, 2026.

## III. PLAINTIFFS' EFFORTS TO SERVE STEPHEN ROLLER

Plaintiffs respectfully request leave to serve former Meta employee Stephen Roller through his counsel at Quinn Emanuel Urquhart & Sullivan, LLP. Plaintiffs have been unable to serve Mr. Roller personally despite diligent efforts, and his testimony and documents are uniquely relevant to Meta's acquisition of books from shadow libraries through BitTorrent.

On July 23, 2026, Plaintiffs issued a subpoena for Mr. Roller's testimony and documents and noticed his deposition for August 26, 2026. Exs. A–B. Mr. Roller is a percipient witness to Meta's acquisition of books through BitTorrent. The subpoena seeks technical records and communications concerning Meta's torrenting—including its acquisition, reproduction, distribution, and use of the data. Ex. B, Sched. A, Req. Nos. 1–8. This evidence bears directly on Meta's contention that torrenting was the efficient or only practical means of acquisition and that any uploading was inherent and unavoidable.

Mr. Roller was deposed in *Kadrey* in December 2024. Documents and technical records produced afterward are inconsistent in material ways with portions of his testimony concerning Meta's use of shadow libraries. His further examination is therefore necessary and concerns conduct no other witness can describe.

Plaintiffs have diligently attempted service. On July 28, 2026, Plaintiffs asked Mr. Roller's last known counsel to accept service, but counsel did not respond. Plaintiffs then attempted personal service at three addresses, including seven attempts at Mr. Roller's residence between August 13 and September 1, at times ranging from 7:52 a.m. to 8:41 p.m. Ex. C. The building's doorman

confirmed that Mr. Roller resides there, but no one answered the apartment door, and the papers were returned unserved on September 1. *Id*.

Plaintiffs therefore respectfully request leave to serve the deposition notice and subpoena on Mr. Roller through his counsel at Quinn Emanuel.

## IV. META'S CLAWBACK NOTICES

On August 7, 2026, Plaintiffs examined Meta engineer Nikolay Bashlykov. Plaintiffs marked as Exhibit 9 the document Bates-numbered META_EM_CCC_K_00463408, a January 5, 2024 chat between Mr. Bashlykov and another Meta employee. Mr. Bashlykov read portions of the document into the record and answered questions about it. No privilege objection was made, and the witness was not instructed not to answer. Twenty days later, on August 27, 2026, Meta served a clawback notice invoking the Protective Orders, Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), stating that Exhibit 9 duplicates another produced document, which Meta had produced with privilege redactions.

On September 1, 2026, Meta served another clawback notice as to META_EM_CCC_K_01739516. This document is dated on the same day as Exhibit 9 and involves communications from the same Meta employee on the same topics.

Plaintiffs will move under Paragraph 13.3 of the Protective Orders (*see Chicken Soup*, Dkt. No. 61) for an order compelling their production. Plaintiffs' position is that neither document is privileged, and that Meta waived any privilege over Exhibit 9 by permitting its witness to be examined on the document without objection and then waiting twenty days to assert a claim. Plaintiffs have requested a meet and confer with Meta this week. If the parties cannot resolve the dispute, Plaintiffs expect to file a joint letter brief under the Court's Discovery Standing Order no later than September 11, 2026.

## V. PLAINTIFFS' PRODUCTIONS

The Three Cs continue to produce on an expedited schedule while preparing and defending numerous depositions. To date, Plaintiffs have produced 4,376,452 pages, not including natives:

- Chicken Soup for the Soul: 2,489,782 pages.
- Cognella: 1,444,216 pages.

- Cambronne: 442,454 pages.

Plaintiffs have completed collecting documents from twenty custodians—five in *Cambronne*, ten in *Cognella*, and five in *Chicken Soup for the Soul*. Plaintiffs have instructed their discovery vendor to prioritize production in accordance with the deposition schedule in these cases, and the vendor has staff dedicated around the clock—including weekends—to preparing Plaintiffs' productions. As Plaintiffs have explained to Meta, recent delays are attributable to the data processing times associated with the large volumes of data Meta requested and Plaintiffs agreed to produce. Plaintiffs continue to make rolling productions and confer with Meta on scheduling—as they did in offering to reschedule Mr. Rouhana's deposition to accommodate his custodial production, or by prioritizing the custodial production for Mr. Hamadeh over other deponents.

## VI. REQUESTED RELIEF

Plaintiffs respectfully request that the Court:

1. Compel Meta to provide complete responses to Plaintiffs' Interrogatory Nos. 2, 3, 5, 6, and 7, and overrule Meta's definitional objections and its unilateral narrowing of Plaintiffs' defined terms; and
2. Grant Plaintiffs leave to effect service of the deposition notice and subpoena on Stephen Roller through his counsel.

Dated: September 2, 2026

Respectfully Submitted,

/s/ Kyle Roche

**FREEDMAN NORMAND FRIEDLAND LLP**
Kyle W. Roche (*pro hac vice*)
kroche@fnf.law
Devin (Velvel) Freedman (*pro hac vice* forthcoming)
vel@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

*Attorneys for Plaintiffs*